Exhibit A

## Individual Information

**Prefix**

**First Name** Andrew

**Middle Name** Mark

**Last Name** Smigelski

**Suffix**

**Email** smigelski.andy@gmail.com

**Phone**

**Location** United States

## Domestic Address

**Address Line 1** 1015 Bryan Road

**Address Line 2**

**City** Sugar Grove

**State** Ohio

**Postal** 43155

## Agreement to Pay

**How you will pay** I am requesting a fee waiver for my request and have reviewed the FOIA reference guide. If my fee waiver is denied, I am willing to pay additional fees and will enter that maximum amount in the box below.

**Allow up to $** 100

## Proof Of Affiliation for Fee Waiver

**Waiver Explanation** I am requesting these records for personal, non-commercial use. I do not have the financial resources to pay significant fees, and I am not seeking these records for commercial or profit-generating purposes. This request relates to possible civil rights violations and public accountability, and disclosure would serve the public interest by shedding light on official government conduct. I respectfully request a full fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).

**Documentation Files**

Case: 2:25-cv-01013-EAS-KAJ Doc #: 1-3 Filed: 09/04/25 Page: 2 of 7 PAGEID #: 15

Exhibit A

## Privacy Act

**US Citizen** True

**Prefix**

**First Name** Andrew

**Middle Name** Mark

**Last Name** Smigelski

**Suffix**

**Date of Birth** 1992/12/30

**Place of Birth** Columbus, Ohio

**Additional Information**

I am requesting all records, reports, notes, communications, or data maintained, received, or shared by the FBI pertaining to myself — Andrew Mark Smigelski, born December 30, 1992, and residing at:

1015 Bryan Road, Sugar Grove, Ohio 43155
1368 Colorado Avenue, Logan, Ohio 43138
980 King Avenue, Columbus, Ohio 43212
986 Kenley Avenue, Columbus, Ohio 43220
1237 Broadview Avenue, Grandview Heights, Ohio 43212
222 Hanford Street, Columbus, Ohio 43206

— under both the Freedom of Information Act and the Privacy Act.

I specifically request any and all information in the following databases, platforms, intelligence systems, or programs:

- Guardian (FBI threat reporting/case tracking system)
- eGuardian (FBI suspicious activity & intelligence-sharing platform)
- IAFIS / NGI (FBI fingerprint and biometric databases)
- NCIC (National Crime Information Center)
- N-DEx (National Data Exchange system)
- ViCAP (Violent Criminal Apprehension Program)
- NICS (Background check system)
- CJIS (Criminal Justice Information Services)
- TRAC (Threat Review and Analysis)
- TECS (DHS enforcement & border tracking system)
- LEO (Law Enforcement Online)
- NSIRS (National Security Information Referral System)
- SARs (Suspicious Activity Reports) or threat tips referencing me
- Fusion center records (any report, alert, bulletin, or data shared with or received from the following):
  - Ohio Statewide Terrorism Analysis & Crime Center (STACC)
  - Northeast Ohio Regional Fusion Center (NEORFC)
  - Greater Cincinnati Fusion Center (GCFC)

Please also include:
- All records that reference me in any investigative leads, tips, watchlist submissions, or assessments.
- Any cross-agency communication referencing me, my home, my family members, or any past legal proceeding involving me.
- All unclassified intel products, reports, bulletins, or internal notes where I am named, described, or linked to a case, tip, or inquiry.

Additionally, I request a detailed accounting of:

The search terms used,

The databases queried,

The date ranges covered, and

Any exemptions or redactions applied.

This request is made for personal, legal, and informational purposes. If any portion is withheld, please provide the legal basis for that withholding, citing the specific FOIA/Privacy Act exemption(s). I request the release of all reasonably segregable material.

Exhibit A

## Expedite

**Expedite Reason**  I am requesting expedited processing under 28 C.F.R. § 16.5(e)(1)(iv). The subject matter of this request involves alleged violations of constitutional rights, improper law enforcement conduct, and false or misleading government statements that led to legal consequences still affecting me. Disclosure is urgently needed because these records relate to a pattern of misconduct and the suppression of evidence, and could affect ongoing or potential remedies related to civil rights violations. This is not a commercial request.

U.S. Department of Justice

Exhibit B

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

June 16, 2025

MR. ANDREW MARK SMIGELSKI
1015 BRYAN ROAD
SUGAR GROVE, OH 43155

Request No.: 1463027-002
Subject: SMIGELSKI, ANDREW MARK

Dear Mr. Smigelski:

      This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Based on the information you provided, we conducted a main and reference entity record search of the Central Records System (CRS) per our standard search policy. However, we were unable to identify records subject to the FOIPA that are responsive to your request. Therefore, your request is being closed. If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

      Please see the paragraphs below for relevant information that may be specific to your request. Only checked boxes contain corresponding paragraphs relevant to your request. If no boxes are checked, the corresponding information does not apply.

[☑] Please be advised that your request was reopened based on the additional information you provided. A new search was conducted, and we were unable to identify responsive records subject to the FOIPA that are responsive to your request.

[ ] Records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10. Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

[ ] Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA). If you wish to review these records, file a FOIPA request with NARA at the following address:

      National Archives and Records Administration
      Special Access and FOIA
      8601 Adelphi Road, Room 5500
      College Park, MD 20740-6001

[ ] Potentially responsive records were identified during the search. However, we were advised that they were not in their expected locations. An additional search for the missing records also met with unsuccessful results. Since we were unable to review the records, we were unable to determine if they were responsive to your request.

[☑] The identification records requested are maintained by the FBI's Criminal Justice Information Services (CJIS) Division; therefore, we have forwarded a portion of your request to CJIS for processing. To check the status of this request, please contact CJIS directly at (304) 625-5590. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

[☑] Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

- Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS). Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

- Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR). In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

  National Archives and Records Administration
  ATTN: Archival Programs
  P.O. Box 38757
  St. Louis, MO 63138

- You also requested information regarding one or more third parties. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C). The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third-party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

If you are not satisfied with the FBI's determination in response to this request, you may proceed under any or all of the following options:

- You may seek dispute resolution services through the FBI directly by emailing our FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

- You may contact the Office of Government Information Services (OGIS), who serves as the federal FOIA Ombudsman. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

- You may file an administrative appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. **Pursuant to 28 C.F.R. § 16.8(a), your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request.** If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please reference the FOIPA Request Number listed above in your correspondence so it may be easily identified. If possible, please provide a copy of your original request and this response letter with your appeal.

Note: Utilizing the FBI's dispute resolution services or requesting mediation through OGIS does not toll the ninety (90) day limit to file a timely appeal with OIP.

Sincerely,

Record/Information Dissemination Section
Information Management Division

Enclosures

# FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records or administrative records of previous FOIPA requests.

   a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ