UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

COLUMBUS DIVISION

| | |
|---|---|
| ANDREW MARK SMIGELSKI, <br> *Plaintiff*, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; <br> UNITED STATES DEPARTMENT OF JUSTICE; <br> PAM BONDI, in her official and personal capacities as Attorney General of the United States; <br> KASH PATEL, in his official and personal capacities as Director of the Federal Bureau of Investigation, <br> *Defendants*. | 2:25 CV 1013 <br><br> JUDGE SARGUS <br><br> MAGISTRATE JUDGE JOLSON |
| | Case No. _____ <br><br> JURY DEMAND |

# COMPLAINT FOR VIOLATIONS OF FOIA, PRIVACY ACT, AND CIVIL CONSPIRACY

Plaintiff Andrew Mark Smigelski, proceeding *pro se*, alleges as follows:

## INTRODUCTION

1. This action challenges a pattern of systematic concealment and obstruction by the highest levels of federal law enforcement.

2. When Plaintiff sought transparency about what records the FBI maintains about him, the FBI issued a facially impossible "no records" response just five days later.

3. Plaintiff requested searches of over 14 systems and databases. Any genuine search would have required interagency coordination and weeks of effort.

4. The speed and conclusiveness of the FBI's response demonstrate bad faith and institutional concealment.

5. Plaintiff brings this action to uncover the truth, obtain withheld records, and hold accountable those responsible for obstructing FOIA and the Privacy Act.

## JURISDICTION AND VENUE

6. This action arises under the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a).

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. § 552a(g).

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), as Plaintiff resides in this District.

## PARTIES

9. Plaintiff Andrew Mark Smigelski is a U.S. citizen residing at 1015 Bryan Road, Sugar Grove, OH 43155.

10. Defendant Federal Bureau of Investigation (FBI) is an agency of the United States subject to FOIA and the Privacy Act.

11. Defendant United States Department of Justice (DOJ) oversees the FBI and is responsible for FOIA compliance.

12. Defendant Pam Bondi is the Attorney General of the United States. She is sued in both her official and personal capacities.

13. Defendant Kash Patel is the Director of the FBI. He is sued in both his official and personal capacities.

## STATEMENT OF FACTS

14. On June 11, 2025, Plaintiff submitted a FOIA/Privacy Act request to the FBI (Request No. 1463027-002) seeking all records about himself (see Exhibit A).

15. He specifically requested searches of systems including Guardian, eGuardian, NGI, NCIC, N-DEx, VICAP, NICS, CJIS, TRAC, TECS, LEO, NSIRS, SARS, and Ohio fusion center records.

16. He requested expedited processing based on his own well-being and public interest.

17. On June 16, 2025, the FBI responded, stating it could locate "no responsive records" and closed the request (see Exhibit B).

18. The response also said the request had been "reopened" — falsely implying it was a continuation of a prior request. In fact, it was a new request with distinct definitions.

19. The breadth of the request, the databases involved, and the 5-day turnaround make the response patently fraudulent.

20. Upon information and belief, Defendants conducted no meaningful search and acted in bad faith to suppress information.

21. These actions reflect a broader institutional culture of FOIA obstruction at both the FBI and DOJ.

## CLAIMS FOR RELIEF

### Count I – Violation of FOIA (5 U.S.C. § 552)

22. Plaintiff realleges and incorporates by reference all preceding paragraphs.

23. Defendants failed to perform a search reasonably calculated to uncover responsive records. The "no records" claim was false.

### Count II – Privacy Act: Denial of Access (5 U.S.C. § 552a(g)(1)(B))

24. Plaintiff realleges and incorporates by reference all preceding paragraphs.

25. The FBI and DOJ denied Plaintiff access to his own records by falsely stating they do not exist.

### Count III – Privacy Act: Improper Maintenance (5 U.S.C. § 552a(g)(1)(C))

26. Plaintiff realleges and incorporates by reference all preceding paragraphs.

27. Defendants maintain inaccurate or unlawfully collected records and are denying their existence to avoid correction.

### Count IV – Conspiracy to Obstruct FOIA

28. Plaintiff realleges and incorporates by reference all preceding paragraphs.

29. Defendants engaged in a pattern and practice of denying FOIA rights. The 5-day "no records" response across 14 databases shows premeditated obstruction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare Defendants' actions violate FOIA and the Privacy Act;

B.     Declare the FBI's "no records" response was fraudulent;

C.     Order full searches of all systems requested, with sworn declarations;

D.     Appoint a Special Master to supervise compliance;

E.     Order *in camera* review of any withheld records;

F.     Award $1,000 per Privacy Act violation, actual damages, and punitive damages;

G.     Award costs and reasonable attorney's fees; and

H.     Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable. Plaintiff invokes his Seventh Amendment right to have a jury determine whether his government is lying to him.

Respectfully submitted,

*(signature)*

Andrew Mark Smigelski

1015 Bryan Road

Sugar Grove, OH 43155

(614) 607-1230

smigelski.andy@gmail.com

*Pro Se Plaintiff*

September 1, 2025

## EXHIBITS

Exhibit A   – Plaintiff's June 11, 2025 FOIA/Privacy Act request to the FBI (Request No. 1463027-002).

Exhibit B   – FBI's June 16, 2025 response stating "no responsive records" and closing the request.