IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW SMIGELSKI,**

      **Plaintiff,**                        Case No. 2:25-cv-01013

      v.                              Judge Edmund A. Sargus
                                   Magistrate Judge Kimberly A. Jolson

**FEDERAL BUREAU OF
INVESTIGATION, et al.,**

      **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Undersigned for consideration of Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1), and the initial screen of his Complaint (Doc. 1-2) under 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-2) be **DISMISSED**.

**I.**     **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At

bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

Courts also "understand § 1915(e)(2) to include screening for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022). Indeed, courts are obligated to consider whether they have subject matter jurisdiction and may raise jurisdictional issues *sua sponte*. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007). If a court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

2

## II.  DISCUSSION

Plaintiff brings this action against several entities in connection with a Freedom of Information Act ("FOIA") and Privacy Act request. (Doc. 1-2 (naming the Federal Bureau of Investigation ("FBI"); the United States Department of Justice ("DOJ"); Pam Bondi, and Kash Patel as Defendants)); 5 U.S.C. §§ 552, 552a. He alleges on June 11, 2025, he submitted a FOIA and Privacy Act request to the FBI seeking "all records about himself" from fourteen databases. (Doc. 1-2 at 3; Doc. 1-3 at 2). Five days later, the FBI responded that it could not locate any responsive records in its central records system and, therefore, Plaintiff's request was closed. (Doc. 1-2 at 3; Doc. 1-3 at 4). The agency also forwarded parts of Plaintiff's request to the FBI's Criminal Justice Information Services Division and gave Plaintiff information about how to track that request. (Doc. 1-3 at 4). The response letter further stated that if Plaintiff was not satisfied with its response, Plaintiff could pursue several options including filing an administrative appeal. (*Id.* at 5).

Plaintiff alleges that the "breadth of the request," the "databases involved," and the five-day response time make "the response patently fraudulent." (*Id.*). He accuses Defendant of not conducting a search and acting in bad faith to "suppress information." (*Id.*). He brings claims for violations of FOIA and the Privacy Act, as well as conspiracy. (*Id.* at 4). As relief, he seeks, among other things, an order that Defendants conduct full records searches and damages. (*Id.* at 4–5). Ultimately, several deficiencies exist on the face of Plaintiff's Complaint that necessitate the Court dismissing this action.

### A.  Freedom of Information Act

To begin, "[u]nder the FOIA, each 'agency' upon 'any request' for records shall make the records 'promptly available to any person,' 5 U.S.C. § 552(a)(3)(A), unless one of nine specific

3

exemptions applies, 5 U.S.C. § 552(b)(1)–(9)." *ACLU v. FBI*, 734 F.3d 460, 465 (6th Cir. 2013). "FOIA confers jurisdiction on district courts 'to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld.'" *Savoca v. Wilson*, No. 1:19 CV 14, 2019 WL 2359201 (N.D. Ohio June 4, 2019) (citing 5 U.S.C. § 552(a)(4)(B)). "Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *United States Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). Additionally, the Court must determine whether a plaintiff exhausted his administrative remedies. *Iskander v. F.B.I.*, No. 4:12CV02653, 2013 WL 1572439 (N.D. Ohio Apr. 12, 2013). Exhaustion is a "threshold inquiry to a FOIA claim and a condition precedent to the exercise of federal court jurisdiction." *Id.* at *5.

Plaintiff's claims are puzzling. He filed his records request on June 11 and included a request that the FBI expedite its response. (*See* Doc. 1-3 at 1–3 (FOIA request)). The FBI responded via letter five days later, informing Plaintiff that it "conducted a main and reference entity research search" but was "unable to identify records . . . that are responsive to your request." (Doc. 1-3 at 4). Plaintiff seems to base his suspicions that the FBI withheld responsive documents on the very expediency that he requested. (Doc. 1-2 at 3 ("The breadth of the request, the databases involved, and the 5-day turnaround make the response patently fraudulent.")). And his claims of "bad faith" appear premised on nothing more than his factually unsupported accusations that the FBI has unknown documents in its possession that it failed to locate. (*Id.*).

4

Nonetheless, Plaintiff has not alleged any facts to suggest that he exhausted his administrative remedies prior to filing this action. *Auto All. Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) ("Exhaustion of administrative remedies is a threshold requirement to a FOIA claim."). Concerning exhaustion, "[t]he exhaustion requirement is satisfied when either: (1) the individual submits a FOIA request and administratively appeals any adverse determinations, or (2) the agency fails to respond to a FOIA request within the time limits articulated in the Act." *Kinman v. U.S.*, No. 1:16-CV-00329, 2016 WL 7165986, at *3 (S.D. Ohio Dec. 7, 2016); *see also Stewart v. U.S. Dept. of Veterans Affs.*, No. 1:13 CV 494, 2013 WL 4758034 (N.D. Ohio Sept. 4, 2013). Constructive exhaustion does not appear to apply here because the FBI responded to Plaintiff's request within five days. (*See* Doc. 1-3). And Plaintiff has not alleged any facts of actual exhaustion. (*See also id.* at 5 (providing information about filing an administrative appeal)). Therefore, Plaintiff cannot proceed with his FOIA claim at this juncture.

**B.    The Privacy Act**

Next, Plaintiff alleges that Defendants violated the Privacy Act in two ways: (1) by denying him access to his own records and stating they do not exist; and (2) by improperly maintaining their own records. (Doc. 1-2 at 4); *see also Davydov v. U.S. Dept. of Homeland Sec.*, No. 3:25-CV-0970-RSH-SBC, 2025 WL 2381792, at *4–5 (S.D. Cal. Aug. 15, 2025) (labeling the first an "access" claim and the second an "accuracy" claim).

"The Privacy Act is similar to FOIA, but it provides a right of access allowing individuals to request records about themselves." *Whipple v. Jolley*, No. 3:21-CV-378-KAC-DCP, 2022 WL 2733391, at *3 (E.D. Tenn. June 10, 2022) (citing 5 U.S.C. § 552a(d)), *report and recommendation adopted*, No. 3:21-CV-378-KAC-DCP, 2022 WL 2317264 (E.D. Tenn. June 28, 2022). "The

individual can file a civil action to compel an agency to comply with § 552a(d)(1) if the agency refuses the individual access to his own records." *Kinman*, 2016 WL 7165986, at *3. And like FOIA, the Privacy Act has an exhaustion requirement. *See id.* ("Courts have . . . required individuals who seek access to records under the [Privacy] Act to exhaust administrative remedies consistent with the 'jurisprudential exhaustion' doctrine." (citation omitted)); *see also Compton v. Barrett*, No. 1:19CV973, 2021 WL 4891304, at *3 (S.D. Ohio Oct. 20, 2021); *Mikhashov v. Dept. of Def.*, No. CV 22-3485 (BAH), 2024 WL 4332601, at *9 (D.D.C. Sept. 26, 2024) (collecting cases); *Foulke v. Potter*, No. 10-CV-4061 SJF ETB, 2011 WL 127119, at *3 n.4 (E.D.N.Y. Jan. 10, 2011). Because the Undersigned observed that the Complaint does not allege any facts as to exhaustion, Plaintiff's Privacy Act claims must be dismissed for failure to state a claim.

      **C.**     **The Individual Defendants**

Regardless of whether Plaintiff could successfully demonstrate exhaustion as to the claims discussed above, "neither FOIA nor the Privacy Act allows actions against individuals. Such actions must be against the agency withholding the records." *Whipple*, 2022 WL 2733391, at *3 (citations omitted); *see also Bright v. Bartlett*, No. 4:19-CV-33, 2019 WL 5295190, at *2 (E.D. Tenn. Oct. 18, 2019) ("[R]egardless of whether Bright is suing Bartlett in her official or individual capacity, the FOIA does not provide a cause of action against private persons."). Therefore, even if Plaintiff's claims could proceed, Plaintiff's FOIA and Privacy Act claims against Bondi and Patel should be dismissed.

      **D.**     **Conspiracy**

Finally, Plaintiff alleges Defendants engaged in a conspiracy to violate FOIA. Specifically, he says "Defendants engaged in a pattern and practice of denying FOIA rights. The 5-day 'no records' response across 14 databases shows premeditated obstruction." (Doc. 1-2 at 4).

6

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). "To prevail on a civil conspiracy claim, Plaintiff must show that (1) a 'single plan' existed, (2) Defendants 'shared in the general conspiratorial objective' to deprive [him] of [his] constitutional (or federal statutory) rights, and (3) 'an overt act was committed in furtherance of the conspiracy that caused injury' to [him]." *Norman v. City of Cincinnati*, No. 1:24-CV-309, 2025 WL 815724, at *6 (S.D. Ohio Mar. 13, 2025) (citing *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011)). Plaintiff's conclusory assertion that Defendants "engaged in a pattern and practice of denying FOIA rights" fails to allege with the requisite specificity any of these elements. (Doc. 1-2). For this reason, Plaintiff's conspiracy claim should likewise be dismissed for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1). After conducting an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

Date: September 16, 2025         /s/Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).