UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW MARK SMIGELSKI,**

    *Plaintiff,*

                              *v.*

**FEDERAL BUREAU OF INVESTIGATION;**

**UNITED STATES DEPARTMENT OF JUSTICE;**

**PAM BONDI,** in her official and personal

capacities as Attorney General of the United States;

**KASH PATEL,** in his official and personal

capacities as Director of the Federal Bureau of Investigation,

    *Defendants.*

---

**Case No. 2:25-cv-01013**

**Judge:** Edmund A. Sargus, Jr.

**Magistrate Judge:** Kimberly A. Jolson

# PLAINTIFF'S EMERGENCY MOTION FOR
# TEMPORARY RESTRAINING ORDER AND
# PRESERVATION OF EVIDENCE

*Filed Pursuant to Fed. R. Civ. P. 65(b) and Fed. R. Civ. P. 26(d)*

*Telephonic or Video Hearing Requested*

**COMES NOW** Plaintiff Andrew Mark Smigelski, appearing *pro se*, and respectfully moves this Honorable Court for entry of an Emergency Temporary Restraining Order and Order for Preservation of Evidence to halt ongoing, systematic interference with his U.S. Mail, multi-vector surveillance, and retaliation for his Freedom of Information Act ("FOIA") and Privacy Act litigation filed June 11, 2025. The retaliation began immediately and escalates daily.

## I. IMMEDIATE AND IRREPARABLE HARM

**1.** On June 11, 2025—the exact date Plaintiff filed his FOIA/Privacy Act complaint in this Court—a coordinated campaign of mail interference, electronic surveillance, and physical intimidation commenced. This is not coincidence; it is retaliation.

**THE ONGOING, ESCALATING HARM INCLUDES:**

- Systematic interference with U.S. Mail, including deliberate misrouting and unlawful detention

- 40+ daily internet/phone outages through apparent IMSI catcher ("Stingray") deployment

- Pre-positioned law enforcement surveillance during humanitarian volunteer work

- Forced cessation of life-saving Naloxone distribution due to intimidation

- Complete chilling of First Amendment rights to pursue government transparency

- Inability to receive critical work equipment and conduct business

- Ongoing warrantless interception of all electronic communications

**2.** Every day this continues compounds the constitutional injury. Plaintiff cannot communicate privately, receive mail reliably, or conduct humanitarian work without government harassment.

## II. DOCUMENTED PATTERN OF MAIL INTERFERENCE

**PACKAGE ONE: WORK PHONE (SHIPPED JUNE 11, 2025)**

**Timeline:** FOIA case filed morning of June 11. Same day, work phone shipped via USPS Priority Mail (Tracking: 9405508105462933511036) - *See Exhibit A (USPS shipping label dated 06/11/2025).*

**Interference:** Package inexplicably routed from New York to Jacksonville, Florida—completely wrong direction for Ohio delivery. Upon reaching Columbus Distribution Center on June 22, USPS claimed insufficient postage and threatened package would become "USPS property"—not returned to sender, not held for payment, but confiscated.

**Resolution:** Only released after Plaintiff's personal intervention through local postmaster. Delivered June 30—19 days for "Priority" Mail.

**PACKAGE TWO: EBAY PURCHASE (SHIPPED JUNE 20, 2025)**

**Tracking:** 9434608105462960736029, shipped from Massachusetts.

**Interference:** Again routed illogically through Indianapolis—wrong direction for Massachusetts to Ohio. Package arrived at Columbus Distribution Center on June 23, 2025 and sat there for **10 days without movement**. Only after a "Missing Mail Search Request" was filed on July 3, 2025 (ID: MRC 25 2136 3450) did the package suddenly begin moving again, delivered July 5—just 2 days after the formal complaint.

**Pattern Established:** Both packages detained at same facility, both required intervention for release. The immediate movement after Missing Mail claim proves packages were deliberately held, not lost.

---

**COLUMBUS DISTRIBUTION CENTER:**

**THE COMMON POINT OF INTERFERENCE**

**BOTH PACKAGES PROPERLY ADDRESSED**

**BOTH MISROUTED THROUGH WRONG STATES**

**BOTH DETAINED WITHOUT LEGAL BASIS**

**BOTH REQUIRED INTERVENTION FOR RELEASE**

---

## III. ELECTRONIC SURVEILLANCE EVIDENCE

**3.** Concurrent with mail interference, Plaintiff experiences 40+ daily internet outages. AT&T network diagnostics reveal "HTTP access failed - Echo detected" and "Echo not detected" anomalies—technical signatures that indicate potential IMSI catcher/Stingray deployment conducting man-in-the-middle attacks. *See Exhibit B (Network diagnostic screenshots)*. Discovery will reveal more conclusive technical evidence of the specific surveillance methods

employed.

**4.** These disruptions occur with surgical precision when Plaintiff attempts to work on FOIA litigation materials, demonstrating real-time monitoring of his activities. The surveillance equipment—whether operated directly by the FBI or by local law enforcement using FBI-provided technology and intelligence—intercepts, analyzes, and disrupts communications based on content. The deployment of military-grade IMSI catchers against a civil litigant exemplifies the principle: "When you're holding a hammer, everything looks like a nail." The FBI, possessing sophisticated surveillance tools designed for terrorism and serious crimes, now deploys them (directly or through local partnerships) against a citizen merely seeking government transparency through lawful FOIA requests.

## IV. PHYSICAL SURVEILLANCE AND PUBLIC HEALTH IMPACT

**5.** Most disturbing: When Plaintiff began volunteer work with Harm Reduction Ohio distributing life-saving Naloxone to empty overdose prevention boxes, law enforcement officers began appearing at these remote locations—already present before Plaintiff's arrival. These officers are either FBI agents directly, or more likely, local law enforcement operating under FBI direction, using FBI intelligence resources, or coordinating through Ohio fusion centers with FBI support. The multi-jurisdictional nature of the surveillance across different counties suggests federal coordination rather than independent local action.

**PROOF OF REAL-TIME TRACKING**

- 4-6 officers stationed at each location **before** Plaintiff arrives

- Deliveries made Sunday nights between 9PM-Midnight in remote rural areas

- When Plaintiff switched to midweek deliveries, surveillance immediately

adapted

- These locations had **zero** law enforcement presence before volunteer work began

- Pattern demonstrates dedicated surveillance team with real-time tracking capability

---

**PUBLIC HEALTH EMERGENCY:**

**OVERDOSE PREVENTION BOXES REMAIN EMPTY**

**OHIOANS ARE DYING**

**WHILE FBI SURVEILS NALOXONE DISTRIBUTION**

---

**6.** Plaintiff has been forced to cease distributing life-saving medication due to reasonable fear for his safety. This surveillance literally costs lives.

## V. LIKELIHOOD OF SUCCESS ON THE MERITS

**First Amendment Retaliation:** The Supreme Court recognizes that "official reprisal for protected speech offends the Constitution." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). The Sixth Circuit applies: (1) protected conduct; (2) adverse action; (3) causal connection. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Here, FOIA litigation is protected; surveillance is adverse; same-day commencement proves causation. "Timing alone may be significant enough to constitute indirect evidence of a causal connection." *DiCarlo v. Potter*, 358 F.3d 408, 421 (6th Cir. 2004).

**Fourth Amendment Violations:** IMSI catchers require warrants. *United States v. Lambis*, 197 F. Supp. 3d 606 (S.D.N.Y. 2016). Mail interference violates the Fourth Amendment. *United States*

*v. Van Leeuwen*, 397 U.S. 249 (1970). Defendants have neither warrant nor probable cause.

## VI. BALANCE OF EQUITIES AND PUBLIC INTEREST

**7. Harm to Plaintiff:** Daily constitutional violations; inability to receive mail; forced cessation of life-saving volunteer work; chilled litigation rights. **Harm to Government:** None. Ceasing illegal surveillance causes zero harm. **Public Interest:** Protecting FOIA litigants from retaliation; ensuring mail delivery; allowing Naloxone distribution; preventing overdose deaths; maintaining trust in law enforcement.

## VII. PRESERVATION OF EVIDENCE REQUIRED

### MANDATORY PRESERVATION ORDER

Defendants have demonstrated willingness to violate federal law. Without immediate preservation orders, evidence will be destroyed. The Court must order preservation of:

**A. Surveillance Records:**

- All IMSI catcher/Stingray logs and configurations

- All surveillance authorizations (or lack thereof)

- All tracking data on Plaintiff

- All intercepted communications

- All surveillance team assignments and schedules

- All records of parallel constructions involving Plaintiff

- All involvement with local law enforcement including but not limited to:

- Hocking County Sheriff's Office

- Fairfield County Sheriff's Office

- Lancaster, Ohio Police Department

- Logan, Ohio Police Department

- Any other multi-jurisdictional local partners

- All shared directives, intelligence reports, or resources provided to or received from local law enforcement

- All fusion center communications and intelligence products mentioning Plaintiff

- All task force operations or joint investigations involving Plaintiff

**B. Mail Interference Records:**

- All USPS directives regarding Plaintiff's mail

- Columbus Distribution Center detention logs

- All "special handling" instructions

- All communications about Plaintiff's packages

**C. FOIA Retaliation Evidence:**

- All communications mentioning Plaintiff's FOIA case

- All directives issued on or after June 11, 2025

- All inter-agency communications about Plaintiff

- All records of the "no records" determination

**D. Underlying Records Requested in FOIA:**

- ALL records about Plaintiff in Guardian, eGuardian, NGI, NCIC systems

- ALL records in N-DEx, VICAP, NICS, CJIS, TRAC, TECS, LEO databases

- ALL NSIRS reports, Suspicious Activity Reports (SARs)

- ALL Ohio fusion center records mentioning Plaintiff

- ALL records that would be responsive to Request No. 1463027-002

- ANY records that contradict the June 16, 2025 "no records" response

**8.** Spoliation is a real risk. Defendants already claim "no records" exist about Plaintiff despite obvious surveillance. Fed. R. Civ. P. 37(e) authorizes severe sanctions for evidence destruction.

## VIII. EMERGENCY RELIEF REQUESTED

**Plaintiff respectfully requests this Court IMMEDIATELY ORDER:**

1. **IMMEDIATE CESSATION OF ALL INTERFERENCE:**

   Defendants SHALL immediately cease:

   a) All interference with Plaintiff's U.S. Mail;

   b) All electronic surveillance via IMSI catcher, Stingray, or any other means;

   c) All physical surveillance of Plaintiff;

   d) All retaliation for FOIA/Privacy Act litigation;

   e) All harassment of Plaintiff's humanitarian, legal, activist, and personal activities;

2. **NORMAL MAIL SERVICE RESTORATION:**

USPS and Columbus Distribution Center SHALL:

a) Process all mail to/from Plaintiff without special screening;

b) Cease all detention, delay, or misrouting of packages;

c) Remove any "flags" or special instructions on Plaintiff's address;

d) Provide normal postal service immediately;

3. **MANDATORY DISCLOSURE WITHIN 72 HOURS:**

Defendants SHALL disclose:

a) Identity of all agencies and individuals conducting surveillance;

b) Any claimed legal authorization (warrant, court order, etc.);

c) All directives regarding Plaintiff's mail or surveillance;

d) Scope, methods, and duration of all surveillance operations;

e) All data collected through surveillance or mail screening;

4. **COMPREHENSIVE EVIDENCE PRESERVATION:**

Defendants SHALL immediately preserve:

a) All surveillance equipment logs and configurations;

b) All mail screening records and directives;

c) All communications mentioning Plaintiff or his FOIA case;

d) All data intercepted or collected;

e) All records of the June 16, 2025 "no records" determination;

f) All evidence of surveillance authorization or lack thereof;

5. **DAILY CIVIL CONTEMPT SANCTIONS:**

**Five Hundred Thousand Dollars ($500,000) per day**. This substantial daily sanction is necessary and appropriate given: (a) the vast resources at Defendants' disposal, including billion-dollar budgets and thousands of personnel; (b) the

demonstrated bad faith in claiming "no records" while simultaneously conducting surveillance; (c) the need for sanctions sufficient to compel compliance from federal agencies that routinely ignore court orders with lesser penalties; (d) the ongoing nature of the constitutional violations requiring immediate cessation. **Should Defendants demonstrate that no surveillance or mail interference is occurring, no sanctions would apply**—if Plaintiff's claims prove unfounded, Defendants face no liability. The amount represents the minimum necessary to ensure compliance from agencies with effectively unlimited resources;

6. **EXPEDITED HEARING:**

An evidentiary hearing on preliminary injunction shall be set within five (5) days, or at the Court's earliest availability. Plaintiff respectfully requests a telephonic or video hearing to avoid the burden of travel to Columbus;

7. **SPECIAL MASTER APPOINTMENT:**

Given Defendants' demonstrated bad faith, the Court should appoint a Special Master to oversee compliance with preservation orders and conduct independent investigation of surveillance activities;

8. **ALTERNATIVE RELIEF IF NOTICE REQUIRED:**

Should this Court require notice before ex parte relief:

a) Immediate preservation order to prevent evidence destruction;

b) Expedited discovery including surveillance records;

c) Response time not exceeding 48 hours;

d) Temporary prohibition on surveillance pending hearing.

Civil Division, Federal Programs Branch

950 Pennsylvania Avenue, N.W.

Washington, DC 20530

Plaintiff respectfully requests the Court direct the U.S. Attorney's Office to accept service on behalf of all federal defendants given the emergency nature of this motion and ongoing constitutional violations. **Plaintiff further requests the U.S. Attorney's Office forward this motion to any separate counsel retained by defendants sued in their personal capacities.**

**Andrew Mark Smigelski**

Date: September 16, 2025

Exhibit A



US POSTAGE
PAID IMI
06/11/2025
From 07514
2 lbs 0 ozs
Zone 4



Pitney Bowes
CommPrice
NO SURCHARGE

028W0002311459

## USPS PRIORITY MAIL®

Yousuf Tariq-Shuaib
428 E 25th St
Paterson NJ 07514-2307

Expected Delivery Date: 06/13/2025

0003

R002



ANDREW SMIGELSKI
1015 BRYAN RD
SUGAR GROVE OH 43155-9661

## USPS TRACKING #



9405 5081 0546 2933 5110 36



Exhibit B

```
.23.2(AT&T 5232)
erifying Internet on phone...succeed.
erifying DNS...succeed.
erifying HTTP access...failed. Echo detected.
ocal(USB) speed test...27 Mbps
pload speed test...40 Mbps
est Completed
```

```
5.23.2(AT&T 5232)
Verifying Internet on phone...succeed.
Verifying DNS...succeed.
Verifying HTTP access...failed. Echo not
detected.
Local(USB) speed test...27 Mbps
Upload speed test...42 Mbps
Test Completed
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

ANDREW MARK SMIGELSKI,

    *Plaintiff,*

                    *v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,

    *Defendants.*

---

Case No. 2:25-cv-01013

Judge Edmund A. Sargus, Jr.

Magistrate Judge Kimberly A. Jolson

---

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRESERVATION OF EVIDENCE

This matter is before the Court on Plaintiff Andrew Mark Smigelski's Emergency Motion for Temporary Restraining Order and Preservation of Evidence (Doc. ___), filed on _____, 2025. The Court has reviewed the motion, the evidence submitted, and the applicable law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 65(b):

**1. Jurisdiction.** This Court has jurisdiction over this matter pursuant to 28 U.S.C. §

1331, 5 U.S.C. § 552a(4)(B), and 5 U.S.C. § 552a(g).

**2. Immediate and Irreparable Harm.** Plaintiff has demonstrated that he will suffer immediate and irreparable harm absent the issuance of a temporary restraining order. Specifically, Plaintiff has shown through documentary evidence that beginning on June 11, 2025 —the same day he filed his FOIA/Privacy Act complaint—he has experienced systematic interference with his U.S. Mail, electronic surveillance, and coordinated multi-jurisdictional physical surveillance that appears retaliatory in nature.

**3. Likelihood of Success on the Merits.** Plaintiff has demonstrated a likelihood of success on his First Amendment retaliation claim. The temporal proximity between the filing of his FOIA litigation and the commencement of the alleged interference raises a strong inference of causation. *DiCarlo v. Potter*, 358 F.3d 408, 421 (6th Cir. 2004). Additionally, the documented mail delays, surveillance activities across multiple jurisdictions, and apparent federal-local coordination, if proven, would constitute adverse actions sufficient to support a retaliation claim.

**4. Balance of Equities.** The balance of equities tips sharply in Plaintiff's favor. The constitutional violations alleged are serious and ongoing. Conversely, Defendants will suffer no harm from being required to cease any unlawful surveillance or mail interference, to terminate improper coordination with local law enforcement, and to preserve relevant evidence.

**5. Public Interest.** The public interest strongly favors the issuance of this order. The public has a compelling interest in ensuring that citizens can exercise their FOIA rights without retaliation, that the U.S. Mail operates without interference, that federal-local law enforcement partnerships are not misused for harassment, and that constitutional rights are protected.

**6. Risk of Evidence Spoliation.** Given Defendants' June 16, 2025 response claiming "no records" exist regarding Plaintiff, despite the documented surveillance activities across multiple jurisdictions, the Court finds a substantial risk of evidence spoliation absent immediate preservation orders.

**Accordingly, it is hereby ORDERED:**

**1. IMMEDIATE CESSATION OF INTERFERENCE.** Defendants, their agents, employees, and all persons acting in concert with them, INCLUDING BUT NOT LIMITED TO the Hocking County Sheriff's Office, Fairfield County Sheriff's Office, Lancaster Ohio Police

Department, Logan Ohio Police Department, and any other state or local law enforcement agencies, are hereby ENJOINED from:

> a) Interfering with, delaying, or specially screening Plaintiff's U.S. Mail;
>
> b) Conducting electronic surveillance of Plaintiff through IMSI catchers, Stingray devices, or any other means without proper judicial authorization;
>
> c) Conducting physical surveillance of Plaintiff in connection with his protected First Amendment activities;
>
> d) Retaliating against Plaintiff for his FOIA/Privacy Act litigation;
>
> e) Harassing or interfering with Plaintiff's humanitarian, legal, activist, or personal activities;
>
> f) Engaging in or facilitating parallel construction to obscure the source or methods of surveillance;
>
> g) Sharing intelligence, resources, or directives regarding Plaintiff between federal and local agencies for purposes of harassment or retaliation.

2. **MAIL SERVICE.** The United States Postal Service and Columbus Distribution Center are ORDERED to process all mail to and from Plaintiff Andrew Mark Smigelski, 1015 Bryan Road, Sugar Grove, OH 43155, in the ordinary course without special screening, delay, or detention.

3. **MANDATORY DISCLOSURE.** Within seventy-two (72) hours of this Order, Defendants SHALL file under seal:

> a) Identification of all agencies and individuals conducting surveillance of Plaintiff, including all federal, state, and local law enforcement partners;
>
> b) Any judicial authorization for such surveillance;
>
> c) All directives regarding Plaintiff's mail or surveillance, including those shared with or issued to local law enforcement;
>
> d) A log of all surveillance activities conducted regarding Plaintiff;
>
> e) All parallel construction activities or alternative explanations created for intelligence gathered through surveillance;
>
> f) All fusion center products, task force assignments, or multi-jurisdictional operations involving Plaintiff.

4. **PRESERVATION OF EVIDENCE.** Defendants are ORDERED to immediately preserve and

maintain all documents, records, and electronically stored information relating to:

a) Any surveillance of Plaintiff (electronic, physical, or otherwise);

b) Any directives regarding Plaintiff's mail;

c) All communications mentioning Plaintiff or his FOIA case;

d) All records responsive to Plaintiff's FOIA Request No. 1463027-002;

e) All records in the systems identified in Plaintiff's FOIA request, including but not limited to Guardian, eGuardian, NGI, NCIC, N-DEx, VICAP, NICS, CJIS, TRAC, TECS, LEO, and NSIRS;

f) The June 16, 2025 "no records" determination and all related communications;

g) All records of parallel constructions involving Plaintiff;

h) All involvement with local law enforcement agencies including but not limited to:

- Hocking County Sheriff's Office

- Fairfield County Sheriff's Office

- Lancaster, Ohio Police Department

- Logan, Ohio Police Department

- Any other state or local law enforcement partners

i) All shared directives, intelligence reports, or resources provided to or received from local law enforcement;

j) All fusion center communications and intelligence products mentioning Plaintiff;

k) All task force operations or joint investigations involving Plaintiff.

5. **NOTICE TO LOCAL LAW ENFORCEMENT.** Defendants SHALL, within twenty-four (24) hours, notify all state and local law enforcement agencies that have received intelligence, directives, or resources regarding Plaintiff of this Order and direct them to:

a) Immediately cease all surveillance activities regarding Plaintiff;

b) Preserve all records related to Plaintiff;

c) Provide to this Court, under seal, an affidavit detailing all surveillance activities conducted and intelligence received regarding Plaintiff.

6. **COMPLIANCE CERTIFICATION.** Within seven (7) days of this Order, Defendants SHALL file a certification of compliance with this Order, signed under penalty of

perjury, including certification that all local law enforcement partners have been notified and directed to comply.

7. **SHOW CAUSE HEARING.** A hearing is SET for _____, 2025, at _____.m., at which time Defendants shall SHOW CAUSE why this temporary restraining order should not be converted to a preliminary injunction. The hearing may be conducted telephonically or by video conference at Plaintiff's request.

8. **DURATION.** This Temporary Restraining Order shall remain in effect for fourteen (14) days from the date of entry, unless extended by the Court for good cause shown or by consent of the parties.

9. **BOND.** Given Plaintiff's *pro se* status and the constitutional nature of the claims, no security bond is required under Fed. R. Civ. P. 65(c).

10. **SERVICE.** The Clerk of Court is DIRECTED to serve this Order immediately upon the United States Attorney for the Southern District of Ohio, who SHALL accept service on behalf of all federal defendants and SHALL forward this Order to any separate counsel retained by defendants sued in their personal capacities. The U.S. Attorney SHALL also ensure this Order is transmitted to all local law enforcement agencies identified herein.

11. **CONTEMPT.** Any violation of this Order may result in a finding of contempt of court and the imposition of appropriate sanctions.

## IT IS SO ORDERED.

**Date:** _____, 2025

---

**KIMBERLY A. JOLSON**

UNITED STATES MAGISTRATE JUDGE

## VIII. EX PARTE RELIEF JUSTIFIED / OBSTRUCTION OF JUSTICE

**9.** Fed. R. Civ. P. 65(b)(1) authorizes ex parte TROs when immediate and irreparable injury will result before adversary hearing. Here, constitutional violations occur continuously. Plaintiff will immediately serve this motion on the U.S. Attorney's Office and defendants' known addresses. Notice may result in evidence destruction given Defendants' false "no records" claim.

**10. 18 U.S.C. § 1503 - Criminal Obstruction:** Surveillance of a pro se litigant preparing federal court filings constitutes criminal obstruction of justice. This Court should refer this matter to the DOJ Inspector General and U.S. Attorney for criminal investigation.

## IX. CONCLUSION

**11.** The evidence demonstrates coordinated retaliation against a FOIA plaintiff beginning the exact day of filing. Mail interference, electronic surveillance, and physical intimidation violate the First and Fourth Amendments. Empty overdose prevention boxes threaten public health. **This Court must stop the weaponization of federal power against a citizen exercising fundamental constitutional rights.**

*Respectfully submitted,*

**Andrew Mark Smigelski**

1015 Bryan Road

Sugar Grove, OH 43155

(614) 607-1230

smigelski.andy@gmail.com

*Plaintiff, Pro Se*

## CERTIFICATE OF ATTEMPTED SERVICE

I hereby certify that I am attempting to effectuate service of this Emergency Motion. Due to Defendants not yet being properly served with summons in this case and Plaintiff lacking ECF filing privileges, Plaintiff is:

1. Filing this motion with the Clerk of Court for the Southern District of Ohio;

2. Mailing copies to Defendants' known addresses of record;

3. Emailing copies to the U.S. Attorney's Office for the Southern District of Ohio as counsel for federal defendants.

**Service attempted upon:**

**United States Attorney's Office**

Southern District of Ohio

303 Marconi Boulevard, Suite 200

Columbus, OH 43215

Email: USAOH.ECF@usdoj.gov

**Federal Bureau of Investigation**

Office of General Counsel

935 Pennsylvania Avenue, N.W.

Washington, DC 20535

**U.S. Department of Justice**