UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO — EASTERN DIVISION

---

**ANDREW MARK SMIGELSKI,** *Plaintiff,*

v.

**FEDERAL BUREAU OF INVESTIGATION, et al.,** *Defendants.*

**Case No. 2:25-cv-01013**
Judge Sargus / Mag. Judge Jolson

---

# EMERGENCY MOTION FOR SANCTIONS
# FOR SPOLIATION OF EVIDENCE

---

**DEFENDANTS RETROACTIVELY ALTERED FEDERAL TRACKING RECORDS DURING PENDENCY OF LITIGATION**

---

**Plaintiff moves for immediate sanctions under Fed. R. Civ. P. 37(e) and this Court's inherent authority** because Defendants have engaged in deliberate spoliation of electronically stored information relevant to this litigation by retroactively altering USPS tracking records to conceal evidence of package interception through Washington, DC.

**UNDISPUTED FACTS:** On October 5, 2025 at 5:45 PM, Plaintiff viewed USPS tracking #9200190279541002216978 showing package routing through Washington, DC 20260 (USPS Headquarters). Surprised by this illogical routing from California to Ohio via DC, Plaintiff immediately searched "Washington, DC 20260" three times (documented in browser history). At 8:42 PM, Plaintiff saved the tracking page as PDF (file metadata confirms timestamp). On October 7, 2025, the same tracking number displayed **completely different routing**—showing Los Angeles to Columbus with no DC mention. *See* attached Declaration and Exhibits.

**LEGAL STANDARD:** Fed. R. Civ. P. 37(e) authorizes sanctions when: (1) ESI should have been preserved; (2) it was lost due to failure to preserve; (3) it cannot be restored; and (4) prejudice resulted. Additionally, courts possess inherent authority to sanction bad-faith destruction of evidence. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

**DEFENDANTS' DUTY TO PRESERVE:** Once litigation commenced (June 11, 2025), Defendants had a duty to preserve all relevant evidence, including USPS tracking records showing package routing. Plaintiff's Emergency TRO Motion specifically requested preservation of mail interception records. Defendants knew or should have known this evidence was relevant.

**INTENTIONAL DESTRUCTION:** The spoliation was intentional. USPS tracking databases are federal government systems under Defendants' control. The alteration occurred **after** Plaintiff filed this lawsuit and **after** his TRO motion documented systematic mail interference. Someone with database access deliberately removed the Washington, DC routing entry. The browser history timestamp proving Plaintiff searched for DC 20260 at 5:45 PM—before saving the PDF

at 8:42 PM—makes fabrication impossible. Plaintiff had zero reason to search USPS Headquarters zip code unless he saw it on the tracking page.

**PREJUDICE AND INTENT TO DEPRIVE:** The destroyed evidence is critical. The DC routing proves federal facility interception and contradicts the FBI's "no records" FOIA response. If packages route through Washington, DC, records exist in FBI systems. By destroying this evidence, Defendants acted with "intent to deprive" Plaintiff of its use in litigation. Rule 37(e)(2).

**REQUESTED SANCTIONS:** The Court should: (1) **Enter adverse inference** that package was intercepted and routed through Washington, DC 20260 as Plaintiff viewed on October 5, 2025; (2) **Presume FBI's "no records" response was false**; (3) **Order immediate forensic preservation** of all USPS tracking databases and audit logs showing who altered this record; (4) **Prohibit further evidence destruction** on pain of contempt; (5) **Grant Plaintiff's pending Emergency TRO Motion** as sanction for bad faith; (6) **Find Defendants in contempt** for destroying evidence during litigation; (7) **Award costs** associated with proving spoliation; and (8) **Refer to DOJ Inspector General** for criminal investigation of evidence tampering under 18 U.S.C. § 1519.

**CONCLUSION:** Defendants were caught red-handed altering federal databases to destroy litigation evidence. The timestamped browser history and PDF metadata prove spoliation beyond dispute. This Court must impose severe sanctions to deter future misconduct and remedy the prejudice to Plaintiff.

*Respectfully submitted,*

_____
**Andrew Mark Smigelski, Pro Se**
1015 Bryan Road
Sugar Grove, OH 43155
(614) 607-1230
Date: _____