**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANDREW SMIGELSKI,**

    Plaintiff,

        v.

**FEDERAL BUREAU OF INVESTIGATION, et al.,**

    Defendants.

                             **Case No. 2:25-cv-01013**
                             **Judge Edmund A. Sargus, Jr.**
                             **Magistrate Judge Kimberly A. Jolson**

---

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY PROTECTIVE ORDER AND IMMEDIATE INJUNCTIVE RELIEF

---

### EMERGENCY NATURE OF THIS MOTION

**THIS IS AN EMERGENCY. Plaintiff is experiencing active, ongoing electronic warfare attacks including IMSI catcher deployment, DNS poisoning, and systematic interference with legal communications and research. These attacks are escalating daily and preventing Plaintiff from effectively prosecuting this case.**

---

## I. INTRODUCTION

Plaintiff Andrew Smigelski respectfully moves this Court for an Emergency Temporary Protective Order to halt ongoing surveillance, harassment, and operational interference that

began immediately after filing FOIPA requests on June 11, 2025. The evidence demonstrates a coordinated campaign of retaliation designed to intimidate Plaintiff and obstruct his access to the courts.

**The Court's immediate intervention is required because:**

1. Active electronic warfare is being conducted against Plaintiff daily

2. Plaintiff's mail and packages are being systematically intercepted and tampered with

3. AI platforms used for legal research are being manipulated to provide false information

4. These activities are escalating and preventing effective litigation

## II. STATEMENT OF FACTS

### A. Timeline of Retaliation

- **June 11, 2025**: Plaintiff files FOIPA request with FBI

- **June 16, 2025**: FBI response received

- **Same Day**: Mail surveillance begins; packages diverted to Washington DC (ZIP 20260)

- **June-August 2025**: Systematic package delays of 15-34 days with deliberate mis-routing

- **Ongoing**: Daily electronic attacks including IMSI catchers, DNS poisoning, jamming

### B. Documented Evidence of Harassment

#### 1. USPS Mail Tampering (Exhibit A)

- **SMOKING GUN: April 1, 2025 tracking entry for package not created until June 11, 2025**

- Packages routed through unnecessary cities (Jacksonville, Indianapolis, Atlanta)

- "Missing Mail Search" initiated for packages showing "IN TRANSIT"

- Multiple entries showing "WASHINGTON, DC 20260" (USPS Headquarters)

### 2. Physical Package Tampering (Exhibit B)

- Amazon packages opened and resealed with non-Amazon tape

- **One package viciously torn open and crudely resealed with clear tape**

- Hand-stamped logos replacing industrial printing

- Green ink markings ("§ 110-R") not part of Amazon's system

- Amazon admitted one package was "re-opened, examined and reviewed and re-sealed"

### 3. Electronic Warfare

- Physical Cell ID 485 broadcasting across multiple bands (IMSI catcher signature)

- Forced protocol downgrades from 5G to 3G/2G

- 40+ connectivity disruptions daily during legal research

- DNS poisoning preventing access to government websites

- Selective jamming of encrypted messaging apps

### 4. AI Platform Manipulation

- ChatGPT refuses to name "FBI" in surveillance-related responses

- Systematic gaslighting of surveillance concerns as "mental health issues"

- Account-specific targeting across multiple ChatGPT accounts

- False dichotomy responses excluding surveillance as possibility

### 5. Shell Company Operations

- Talent Fortune Inc. (suspended CA corporation) appearing in tracking records

- Known for fake tracking number generation

- Provides plausible deniability for federal operations

*6. Evidence of Widespread Gag Orders*

- **Amazon Executive Customer Relations (ECR)**: Multiple ECR employees provided identical scripted responses refusing to address package tampering evidence, indicating National Security Letters preventing disclosure

- **Congressional Silence**: Multiple members of Congress and their staff either failed to respond entirely or gave evasive responses to simple questions about surveillance activities, strongly suggesting they are under gag orders or NSLs

- **Pattern of Institutional Capture**: The coordinated silence and evasiveness across corporate and government entities indicates a widespread use of NSLs to prevent disclosure of surveillance operations

- **Chilling Effect**: These gag orders prevent Plaintiff from obtaining evidence or congressional oversight necessary for his case

## III. LEGAL STANDARD

### A. Requirements for Temporary Protective Order

A court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Where, as here, a party demonstrates ongoing harassment that interferes with litigation, courts have inherent authority to issue protective orders. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984).

### B. First Amendment Violations

"[T]he right to petition is 'one of the most precious of the liberties safeguarded by the Bill of Rights.'" *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524 (2002). Retaliation against a litigant for filing FOIPA requests and pursuing litigation violates the First Amendment. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

### C. Fourth Amendment Violations

The use of IMSI catchers without a warrant violates the Fourth Amendment. *United*

*States v. Ellis*, 984 F.3d 1036 (D.C. Cir. 2021). Mail tampering and package interception without probable cause constitute unreasonable searches. *United States v. Van Leeuwen*, 397 U.S. 249 (1970).

## D. Due Process Violations

Systematic interference with a litigant's ability to prosecute their case violates procedural due process. *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971) (access to courts is fundamental right).

## E. Judicial Independence and Inherent Authority

Federal courts possess inherent authority to protect their proceedings from interference and to investigate potential surveillance of judicial communications. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (courts have inherent powers to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Any surveillance of judicial officers or court communications constitutes a direct assault on judicial independence and separation of powers. *United States v. Nixon*, 418 U.S. 683, 707 (1974) (emphasizing judiciary's independence from executive control).

## F. Authority to Lift Gag Orders

Federal courts have authority to modify or lift National Security Letters and associated gag orders when necessary to protect constitutional rights and ensure fair judicial proceedings. *In re National Sec. Letter*, 930 F. Supp. 2d 1064, 1077 (N.D. Cal. 2013) (finding NSL gag provisions unconstitutional); *John Doe, Inc. v. Mukasey*, 549 F.3d 861, 876 (2d Cir. 2008) (courts must have authority to review NSL gag orders). The silencing of potential witnesses and oversight bodies threatens the integrity of judicial proceedings and violates due process.

## IV. IRREPARABLE HARM

Plaintiff is suffering irreparable harm that cannot be compensated by monetary damages:

1. **Ongoing Constitutional Violations**: Daily Fourth Amendment violations through

warrantless surveillance

2. **Interference with Litigation**: Electronic attacks prevent legal research and communication with potential counsel

3. **Aggressive Physical Tampering**: Packages viciously torn open and crudely resealed, demonstrating escalating boldness

4. **Chilling Effect**: Fear of retaliation inhibits exercise of First Amendment rights

5. **Evidence Spoliation Risk**: Ongoing operations may destroy evidence needed for case

6. **Personal Safety Concerns**: Escalating harassment creates reasonable fear for safety

## V. BALANCE OF HARDSHIPS

The balance of hardships tips decidedly in Plaintiff's favor:

- **Plaintiff's Hardship**: Complete inability to litigate without interference, ongoing constitutional violations, daily harassment

- **Defendants' Hardship**: None - ceasing illegal surveillance creates no legitimate hardship

## VI. PUBLIC INTEREST

The public interest strongly favors granting this motion:

1. Protecting the integrity of the judicial process

2. Preventing retaliation against FOIPA requesters

3. Exposing potential abuse of surveillance authorities

4. Ensuring access to courts for all citizens

5. **Preserving Judicial Independence**: Any surveillance of the Court, its judges, or staff represents a fundamental threat to separation of powers and the independence of the judiciary. The Court has both the authority and obligation to investigate whether its own communications and deliberations have been compromised. *In re*

*Sealed Case*, 838 F.2d 476, 481 (D.C. Cir. 1988) (courts have inherent authority to protect their proceedings from interference).

6. **Restoring Congressional Oversight**: The apparent gagging of members of Congress prevents legislative oversight of executive branch activities, undermining constitutional checks and balances.

7. **Protecting Corporate Independence**: Using NSLs to silence corporations like Amazon from disclosing evidence of government misconduct creates a dangerous precedent for corporate capture.

## VII. REQUESTED RELIEF

Plaintiff respectfully requests this Court:

## A. IMMEDIATELY (Within 24 Hours):

1. **ORDER** all Defendants to cease and desist from:

   - Operating IMSI catchers within 10 miles of Plaintiff's residence

   - Intercepting, delaying, or tampering with Plaintiff's mail and packages

   - Conducting DNS poisoning or network interference attacks

   - Manipulating or interfering with Plaintiff's electronic communications

2. **PROHIBIT** Defendants from destroying any records related to surveillance of Plaintiff

**Note on Sanctions**: The requested $100,000 per violation per day reflects the severity of constitutional violations and the need for meaningful deterrence. Given that Defendants are conducting dozens of violations daily (each IMSI ping, each DNS attack, each package interception constitutes a separate violation), only substantial sanctions will ensure immediate compliance.

## B. WITHIN 7 DAYS:

3. **COMPEL** Defendants to disclose:

   - All surveillance programs targeting Plaintiff

- Identity of all personnel involved in surveillance operations

- Legal authority claimed for surveillance activities

- Any National Security Letters or FISA orders involving:

  - Plaintiff

  - This Court, its judges, or judicial staff

  - The Clerk's office or its personnel

  - Any party or counsel in this case

  - **Amazon.com, Inc., specifically its Executive Customer Relations department**

  - **Any member of Congress contacted by Plaintiff regarding this surveillance**

  - **Any congressional staff who received Plaintiff's communications**

- Any surveillance, interception, or monitoring of:

  - Communications to/from the Court

  - CM/ECF filings or access

  - Judicial deliberations or chambers communications

  - **Communications between Plaintiff and Amazon ECR**

  - **Communications between Plaintiff and Congress**

- **All gag orders preventing disclosure of surveillance activities by third parties**

4. **APPOINT** a Special Master to:

- Investigate scope of surveillance operations

- Review classified materials if necessary

- Ensure compliance with protective order

## C. ONGOING RELIEF:

5. **ESTABLISH** monitoring mechanism to ensure compliance

6. **LIFT** any gag orders or NSLs preventing:

- Amazon ECR from disclosing surveillance of Plaintiff's packages

- Members of Congress from responding to Plaintiff's oversight requests

- Congressional staff from acknowledging receipt of evidence

- Any third party from providing evidence relevant to this litigation

7. **AWARD** attorneys' fees and costs under 28 U.S.C. § 1927 for bad faith litigation tactics

8. **REFER** matter to DOJ Inspector General for criminal investigation

9. **SCHEDULE** expedited hearing on preliminary injunction

## VIII. PROPOSED ORDER

A proposed order is submitted herewith as a separate document.

## IX. CERTIFICATION OF COUNSEL

Plaintiff, proceeding pro se, certifies that he has attempted to resolve these issues through:

- Formal notice to OpenAI regarding ChatGPT manipulation (October 29, 2025)

- Complaints to Amazon regarding package tampering

- Documentation provided to USPS regarding mail delays

These efforts have been unsuccessful, necessitating Court intervention.

## X. REQUEST FOR EXPEDITED HEARING

Given the ongoing daily attacks and escalating nature of harassment, Plaintiff requests an expedited hearing within 48 hours or, alternatively, that the Court grant temporary relief pending a hearing.

**XI. CONCLUSION**

The evidence demonstrates a sophisticated, multi-vector harassment campaign designed to prevent Plaintiff from exercising his constitutional right to petition for redress of grievances. The backdated USPS tracking entry alone proves deliberate record manipulation. The use of IMSI catchers, mail tampering, and AI weaponization against a federal litigant represents an intolerable abuse of government power requiring immediate judicial intervention.

Most disturbingly, the apparent use of National Security Letters to silence Amazon ECR employees and members of Congress reveals a pattern of systematically gagging anyone who could expose or provide oversight of these surveillance operations. When Fortune 500 corporations cannot discuss package tampering and Congress cannot perform its constitutional oversight role, the threat to democratic governance is existential.

Time is of the essence. Every day without protection, Plaintiff suffers additional constitutional violations and interference with his ability to prosecute this case. The Court should grant this emergency motion immediately to preserve the integrity of the judicial process and protect Plaintiff's fundamental rights.

**WHEREFORE**, Plaintiff respectfully requests this Court GRANT this Emergency Motion for Temporary Protective Order and enter the proposed order submitted herewith.

Respectfully submitted,


*/s/Andrew Smigelski*

**Andrew Smigelski**

Pro Se Plaintiff

1015 Bryan Road

Sugar Grove, Ohio 43155

(614) 607-1230

smigelski.andy@gmail.com


**DATED:** October 31, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2025, I will file the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


*/s/Andrew Smigelski*

Andrew Smigelski

**EXHIBITS**

**Exhibit A**: USPS Tracking Documentation Showing Backdated Entries and Surveillance

**Exhibit B**: Photographic Evidence of Package Tampering