UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

ANDREW SMIGELSKI,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant.

Case No. 2:25-cv-01013

---

# PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE KIMBERLY A. JOLSON

Plaintiff Andrew Smigelski respectfully moves this Court for the recusal of Magistrate Judge Kimberly A. Jolson pursuant to 28 U.S.C. § 455(a), which requires recusal when a judge's impartiality might reasonably be questioned. This motion is filed not out of any belief that Judge Jolson harbors bias or prejudice against Plaintiff, but rather out of concern that external forces may have created circumstances that compromise the appearance of impartiality or subject the judge to undue pressure incompatible with the fair administration of justice.

## I. BACKGROUND

This case arises from Plaintiff's allegations of systematic surveillance, harassment, and constitutional violations by the Federal Bureau of Investigation following Plaintiff's filing of Freedom of Information Act (FOIA) requests in mid-2025. The alleged harassment has escalated to include sophisticated

electronic warfare tactics, physical surveillance, package tampering, and psychological operations designed to intimidate, confuse, and demoralize Plaintiff.

Based on Plaintiff's observations and experience, Plaintiff has reason to believe that Magistrate Judge Jolson may have been subjected to similar forms of harassment, intimidation, and pressure since her assignment to this case. If true, such tactics would represent a continuation of the very conduct that forms the basis of this lawsuit and would create an untenable situation for any judicial officer attempting to maintain impartiality.

## II. LEGAL STANDARD

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective and asks whether a reasonable person, knowing all the circumstances, would question the judge's impartiality. *Liteky v. United States*, 510 U.S. 540, 548 (1994).

Recusal is warranted not only when actual bias exists, but when circumstances create an appearance of impropriety that undermines public confidence in the judiciary. The test is whether impartiality "might reasonably be questioned"—not whether it has been compromised in fact. *See United States v. Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987).

## III. GROUNDS FOR RECUSAL

Plaintiff seeks recusal on the following grounds:

**A. External Pressure and Harassment May Compromise Impartiality.** If Magistrate Judge Jolson has been subjected to any form of surveillance, harassment, or intimidation related to her assignment to this case, such pressure

would create circumstances in which her impartiality might reasonably be questioned. No judge should be required to adjudicate a case while simultaneously being targeted by tactics designed to influence judicial decision-making or to punish judges for their legal views and rulings.

**B. The Nature of This Case Creates Unique Pressures.** This case directly challenges powerful government actors and alleges systematic abuse of surveillance and harassment capabilities. The very nature of these allegations—if true—creates a situation where anyone associated with the case, including judicial officers, may become targets themselves. This is not speculation; it is the documented history of COINTELPRO and similar programs that targeted not only activists but also judges, journalists, and others who threatened entrenched power.

**C. Recusal Would Serve the Interests of Justice.** Magistrate Judge Jolson has demonstrated fairness and integrity throughout her judicial career. This motion is filed precisely because Plaintiff respects Judge Jolson and does not wish her to be placed in an untenable position. If external forces are creating pressure on the judge, recusal would free her from that pressure while preserving the integrity of these proceedings.

> *"It will do no good to search for villains or heroes or saints or devils because there were none; there were only victims."*
>
> — Dalton Trumbo, accepting the Laurel Award for Screen Writers Guild (1970),
> after spending eleven months in federal prison and decades blacklisted
> for refusing to cooperate with government investigations

### IV. THIS MOTION IS FILED IN GOOD FAITH

Plaintiff emphasizes that this motion is not filed as a tactical maneuver or to

gain advantage in this litigation. Rather, it is filed out of genuine concern for Judge Jolson's wellbeing and in recognition that no judicial officer should be subjected to the forms of harassment and intimidation that Plaintiff alleges have been directed at him.

Plaintiff recognizes that Judge Jolson may not wish to recuse herself, and Plaintiff respects whatever decision she makes. However, Plaintiff believes it is important to create a formal record acknowledging these concerns and to provide Judge Jolson with the opportunity to recuse if she believes it appropriate under the circumstances.

The techniques alleged in this case—COINTELPRO-style harassment, psychological operations, surveillance, and intimidation—were once thought to be relics of a darker past. History shows us that when such tactics are deployed against those who challenge government power, judges and other officers of the court are not immune. Ernest Hemingway, Charlie Chaplin, Martin Luther King Jr., Dalton Trumbo, and countless others learned this truth at great personal cost.

As Dalton Trumbo observed decades after his persecution, there were no villains or heroes in the blacklist era—only victims. If similar forces are at work today, both Plaintiff and potentially Judge Jolson are victims of the same unlawful conduct. The solution is not for either party to remain silent, but to acknowledge the reality and act accordingly.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Magistrate Judge Kimberly A. Jolson recuse herself from this case pursuant to 28 U.S.C. § 455(a). Plaintiff makes this request with respect and appreciation for Judge Jolson's service, and with the hope that such recusal would serve both her interests and the interests of justice.

In the alternative, if Judge Jolson declines to recuse herself, Plaintiff respectfully requests that she state on the record whether she has experienced any form of harassment, surveillance, or intimidation since her assignment to this case, so that the parties and any reviewing court may fully evaluate whether the circumstances warrant recusal.

Respectfully submitted,

/s/ Andrew Smigelski

Andrew Smigelski

Plaintiff, Pro Se

1015 Bryan Road

Sugar Grove, Ohio 43155

Smigelski.andy@gmail.com

614-607-1230

---

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2025, a copy of the foregoing Motion for Recusal was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew Smigelski

Andrew Smigelski