IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| ANDREW SMIGELSKI, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 2:25-cv-01013 |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) Judge Edmund A. Sargus, Jr. |
| PAM BONDI, in her official capacity as Attorney General, | ) Magistrate Judge Kimberly A. Jolson |
| KASH PATEL, in his official capacity as FBI Director, | ) |
| JOHN DOES 1-50, Federal Agents, | ) EMERGENCY MOTION FOR |
| Defendants. | ) TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

)

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
# AND PRELIMINARY INJUNCTION TO HALT IMMINENT RETALIATORY ACTION

### IMMEDIATE JUDICIAL INTERVENTION REQUIRED - THREAT TODAY

Plaintiff Andrew Smigelski, pro se, respectfully moves this Court for an emergency Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P. 65, based on credible threats of imminent retaliatory action by Defendants scheduled for TODAY, November 6, 2025.

## I. NATURE OF EMERGENCY

Defendants have communicated that Plaintiff will "be in the news today," which, given the pattern of escalating retaliation since filing this lawsuit, reasonably indicates:

1. Imminent arrest on fabricated charges, likely sex crimes given the reputational damage sought
2. Public release of illegally obtained private information
3. Coordinated media defamation campaign
4. Other retaliatory action designed to prejudice this

federal case and destroy Plaintiff's reputation

**Time is of the essence** - Defendants indicated action would occur today.

## II. FACTUAL BACKGROUND

### A. Original Federal Lawsuit

Plaintiff filed this action challenging violations of the Freedom of Information Act (FOIA) and Privacy Act arising from warrantless surveillance beginning Summer 2025.

### B. Post-Filing Retaliation Campaign

Since filing, Defendants have engaged in systematic retaliation:

1. **Electronic Warfare** (Ongoing)

    - Disruption of internet connectivity preventing business operations
    - Interference with electronic devices
    - Apparent signal jamming near residence

2. **Mail/Package Tampering** (Multiple incidents)

    - USPS packages arriving opened
    - Tracking anomalies showing impossible delivery patterns

- Missing mail items

3. **November 1, 2025: Warrantless Home Invasion**

    - Multiple armed federal agents entered residence
    - No warrant presented upon demand
    - Initial claim of "terrorism warrant"
    - Story changed when challenged on lack of warrant
    - Agents told neighbors Plaintiff involved in terrorism
    - No charges filed, confirming pretextual nature

4. **November 6, 2025: Threat of Public Action**

    - Agents indicated Plaintiff would "be in the news today"
    - Context suggests arrest or public defamation, likely involving fabricated sex crimes charges
    - Timing immediately after home invasion escalation
    - Sex crime allegations would cause irreparable reputational harm

**III. LEGAL STANDARD**

A TRO should issue where plaintiff demonstrates: (1) likelihood of success on the merits; (2) irreparable harm absent injunction; (3) balance of equities favors plaintiff; (4) public interest favors injunction. *Winter v. Natural Resources Defense*

*Council*, 555 U.S. 7 (2008).

**IV. ARGUMENT**

**A. Likelihood of Success on Merits**

**First Amendment Retaliation:** The temporal proximity between filing this lawsuit and escalating harassment establishes prima facie retaliation for protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

**Fourth Amendment Violations:** The November 1 warrantless entry violated clearly established law. *Kentucky v. King*, 563 U.S. 452 (2011).

**FOIA/Privacy Act:** Defendants' surveillance and data collection without proper authorization violates 5 U.S.C. § 552a.

**B. Irreparable Harm**

1. **Constitutional violations** constitute irreparable harm per se
2. **Imminent arrest** on fabricated charges threatens liberty deprivation
3. **Sex crime allegations**, even if false, cause permanent unrepairable reputational harm
4. **Public defamation** destroys business and personal relationships

5. **Chilling effect** on First Amendment rights to seek judicial redress

6. **Business destruction** from continued interference and reputational damage

### C. Balance of Equities

Plaintiff faces immediate, devastating harm. Defendants face no cognizable harm from being enjoined from illegal retaliation. The balance tips decisively toward Plaintiff.

### D. Public Interest

The public interest strongly favors:

- Preventing government retaliation against citizens
- Protecting access to federal courts
- Ensuring FOIA rights can be exercised without fear
- Maintaining rule of law

## V. REQUESTED RELIEF

Plaintiff respectfully requests this Court **IMMEDIATELY**:

### A. ENJOIN Defendants from:

1. **Arresting or detaining Plaintiff** except through:

- Valid arrest warrant signed by neutral magistrate in

       open court

- With 24-hour advance notice to counsel
- Based on probable cause unrelated to this litigation
- No terrorism or national security charges that would invoke FISA or secret proceedings
- All proceedings must be public and on the record

2. **Releasing any information** about Plaintiff to media or public

3. **Approaching within 2000 feet** of Plaintiff's residence at 1015 Bryan Rd, Sugar Grove, Ohio, or business

4. **Intercepting, monitoring, or interfering** with:

- Electronic communications
- Internet connectivity
- Mail or packages
- Business operations

5. **Conducting surveillance** by electronic means

6. **Taking any retaliatory action** based on this lawsuit

7. **Destroying any evidence** related to surveillance or retaliation

**B. ORDER immediate disclosure of:**

    1. Nature of threatened action today

    2. All surveillance methods employed

    3. All data collected about Plaintiff

    4. Identity of agents involved in November 1 entry

**C. SET emergency hearing within 24-48 hours**

**D. EXPEDITE discovery on retaliation claims**

**E. AWARD attorneys' fees and costs**

## VI. VERIFICATION

I, Andrew Smigelski, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action.

2. On November 1, 2025, armed federal agents entered my home without presenting a warrant.

3. Agents told my neighbors this involved "terrorism," which was false.

4. When challenged, agents changed their story about the reason for entry.

5. On November 6, 2025, I was told I would "be in the news today."

6. Given the pattern of escalation and the devastating nature of false sex crime allegations, I reasonably fear imminent retaliatory action designed to destroy my reputation permanently.

7. I have extensive documentation of ongoing harassment including:

- Network logs showing interference
- Package tracking anomalies
- Witness statements from neighbors

8. The facts stated herein are true and correct to the best of my knowledge.

Executed this 6th day of November, 2025, at Sugar Grove, Ohio.

/s/ Andrew Smigelski

Andrew Smigelski

## VII. MEMORANDUM OF LAW

**Retaliation Doctrine**

The Sixth Circuit recognizes First Amendment retaliation claims where: (1) Plaintiff engaged in protected conduct; (2) Adverse action was taken; (3) Causal connection exists. Filing a federal lawsuit is quintessentially protected activity. The escalating harassment, culminating in home invasion and today's threat, establishes causation.

**Emergency TRO Standards**

This Circuit regularly grants emergency relief to prevent irreparable constitutional violations. See *Obama for America v. Husted*, 697 F.3d 423 (6th Cir. 2012).

**Qualified Immunity Inapplicable**

Qualified immunity does not bar prospective injunctive relief. *Pearson v. Callahan*, 555 U.S. 223 (2009).

## VIII. CERTIFICATE OF EMERGENCY CIRCUMSTANCES

Counsel for Defendants could not be reached given the immediate nature of the threat. Plaintiff attempted contact without success. This motion is filed on emergency basis due to Defendants' indication that action will occur today.

Good faith efforts to notify Defendants:

- Called Cincinnati FBI: Without much success
- Called DOJ main line: No emergency contact available
- Emailed AUSA: No response
- Time constraints prevent further delay

## IX. PROPOSED ORDER

A proposed order is submitted herewith granting the requested relief.

## X. CONCLUSION

Defendants have engaged in escalating retaliation since Plaintiff filed this federal lawsuit. The November 1 home invasion without warrant, followed by today's threat of public action, demonstrates imminent irreparable harm requiring immediate judicial intervention.

The Court's immediate action is necessary to prevent Defendants from carrying out their threatened retaliation and to preserve the integrity of this federal proceeding.

**WHEREFORE**, Plaintiff respectfully requests this Court grant this Emergency Motion for Temporary Restraining Order and schedule an immediate hearing.

Respectfully submitted,

/s/ Andrew Smigelski

Andrew Smigelski, Pro Se

1015 Bryan Rd

Sugar Grove, OH 43155

614-607-1230

Smigelski.andy@gmail.com

**Filed:** November 6, 2025

**Time:** _____ EST

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2025, I filed this Emergency Motion electronically through the Court's ECF system, which will send notification to all counsel of record.

Given the emergency nature, service is being perfected through ECF filing.

/s/ Andrew Smigelski
Andrew Smigelski