IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

        Plaintiff,

  v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,

        Defendants.

Case No. 2:25-cv-1013
Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court on Plaintiff's Motion to Recuse the Court from this case (Doc. 13). For the following reasons, the Court **DENIES** Plaintiff's Motion.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." A magistrate judge should also disqualify herself "[w]here [she] has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1); *see also* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . ."). "Motions to recuse under § 455 are to be decided in the first instance by the judicial officer sought to be disqualified." *Moss v. Fairborn City Sch.*, No. 3:08-CV-00393, 2009 WL 10679470, at *1 (S.D. Ohio Nov. 5, 2009) (citations omitted) (magistrate judge ruling on a motion to recuse). The standard by which a judge should consider a motion to recuse "is an objective standard, 'ask[ing] what a reasonable person knowing all the relevant facts would think about the impartiality of the judge.'" *In re Nat'l Prescription Opiate Litig.*, No. 19-3935, 2019 WL 7482137, at *1 (6th Cir. 2019). "This standard is not based on the subjective view of a party, no matter how strongly that subjective view is held."

*United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990) (citation and internal quotation marks omitted), *cert. denied* 499 U.S. 981 (1991).

Plaintiff filed this motion "out of genuine concern for [the Court's] wellbeing." (Doc. 13 at 4).  Plaintiff's concerns are not grounds for recusal.  Though he attempts to invoke recusal based on the appearance of impropriety (*see id.* at 2), he makes no accusation that the Court has engaged in conduct that demonstrates such an appearance.

For these reasons, the Court's impartiality is not reasonably in question, nor is there an appearance of impropriety.  Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

Date: November 6, 2025                         /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE