UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW SMIGELSKI, | : | |
| Plaintiff, | : | |
| | : | Case No. 2:25-cv-01013 |
| v. | : | |
| | : | Judge: Edmund A. Sargus, Jr. |
| FEDERAL BUREAU OF | : | Magistrate Judge: Kimberly A. |
| INVESTIGATION, | : | Jolson |
| et al., | : | |
| Defendants. | : | |

**DECLARATION OF ANDREW SMIGELSKI IN SUPPORT OF**

**EMERGENCY MOTION FOR PROTECTIVE ORDER**

I, Andrew Smigelski, declare under penalty of perjury pursuant to 28 U.S.C.
§ 1746 as follows:

**1.** I am the Plaintiff in the above-captioned matter. I am a citizen of the United States. I

am currently residing in Colombia for reasons directly related to the conduct giving rise to this litigation and my related case pending in the Southern District of Texas, Laredo Division (Case No. 5:25-cv-00267).

**2.** I submit this declaration to place on the record certain facts regarding the interception of my legal filings and the distribution of evidence in this matter, and to formally notify all parties and the Court of the futility of any efforts to suppress evidence through interference with my person or property.

INTERCEPTION OF LEGAL FILINGS

**3.** On or about December 11, 2025, I dispatched legal documents via DHL Express from Colombia to the Clerk of Court, United States District Court, Southern District of Texas, Laredo Division. The shipment bore waybill number JD0146000123975232.

**4.** Upon delivery, the package bore a "REPACKED" sticker affixed by DHL, indicating the package had been opened and resealed during transit. A true and correct copy of the Complaint in that related case is attached hereto as **Exhibit A**. A true and correct copy of the shipping label showing the "REPACKED" sticker is attached hereto as **Exhibit B**.

**5.** The package routing included a stop at DHL's Cincinnati hub. The package was held for approximately 23 hours post-customs clearance before onward transit to Laredo.

**6.** To be direct: federal agencies do not possess *prima nocta* over legal filings destined for a federal courthouse. The interception and opening of documents in active litigation against federal defendants—documents protected by attorney work product doctrine and the fundamental right of access to the courts—constitutes obstruction of justice under 18 U.S.C. § 1503 and potentially witness tampering under 18 U.S.C. § 1512.

**7.** Unless this Court is prepared to accept that DHL Express has independently undertaken to commit federal crimes by opening legal mail without government direction, the inference is clear.

DISTRIBUTION OF EVIDENCE

**8.** On November 25, 2025, I was detained by Customs and Border Protection at the Laredo Port of Entry for approximately five to six hours. During this detention, CBP officers searched my electronic devices, including my computer and mobile phones. Upon information and belief, my devices were copied or imaged during this detention.

**9.** As a result of this search, federal agencies are now aware of the scope of evidence I possess relating to the surveillance, interference, and retaliation documented in this case and my related case in the Southern District of Texas.

**10.** I hereby notify all parties and place on the record: the evidence supporting my claims has been distributed to multiple third parties in multiple jurisdictions, with instructions for release and filing in the event of my death, disappearance, incapacitation, or inability to continue this litigation.

**11.** This distribution was undertaken as a reasonable precaution given the documented pattern of surveillance, mail interception, package tampering, network attacks, and the detention and device search at Laredo. The evidence has been compartmentalized across multiple custodians who do not know each other's identities.

**12.** Accordingly, any action taken against my person or property will not prevent this evidence from reaching the public record. To the contrary, such action would accelerate and expand its release.

**13.** I make this declaration not as a threat, but as a statement of fact that I believe is relevant to the Court's consideration of appropriate protective measures, and to ensure that all parties understand that further interference is not merely unlawful, but futile.

CURRENT LOCATION AND SAFETY

**14.** I am currently located in Colombia. I departed the United States due to legitimate concerns for my safety arising from the conduct documented in this litigation.

**15.** I remain committed to prosecuting this action and my related cases through all available legal channels. My presence outside the United States does not diminish my resolve; it reflects a reasonable response to the circumstances created by Defendants' conduct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 20, 2026, in Colombia.

Respectfully submitted,

/s/ Andrew Smigelski

Andrew Smigelski, *Pro Se*

1015 Bryan Road

Sugar Grove, Ohio 43155

Phone: 614-607-1230

Email: Smigelski.andy@gmail.com

MOTION FOR PRESERVATION OF EVIDENCE AND

SANCTIONS FOR SPOLIATION

Plaintiff Andrew Smigelski respectfully moves this Court for an Order requiring Defendants to preserve all evidence related to this matter and for sanctions for any spoliation that has occurred or may occur, and states as follows:

PRESERVATION DEMAND

1. Plaintiff demands that all Defendants immediately preserve, and refrain from destroying, deleting, altering, or otherwise modifying, any and all documents, communications, records, data, and tangible evidence relating to Plaintiff, including but not limited to:

**a.** All surveillance records, including but not limited to National Security Letters, FISA applications and orders, pen register/trap and trace orders, and any other

surveillance authorizations concerning Plaintiff;

**b.** All communications—electronic, written, or oral—between any Defendants or their agents concerning Plaintiff;

**c.** All records of network surveillance, including TCP RST injection, DNS manipulation, and any other network interference directed at Plaintiff;

**d.** All records relating to mail covers, package interdiction, or interference with Plaintiff's postal mail or private carrier shipments;

**e.** All records relating to the November 25, 2025 detention of Plaintiff at the Laredo Port of Entry, including any copies or images of Plaintiff's electronic devices;

**f.** All records relating to any interception, opening, or examination of legal documents sent by Plaintiff to any court, including the "REPACKED" DHL shipment documented in Exhibit B.

GROUNDS FOR PRESERVATION

**2.** Defendants have a legal duty to preserve evidence relevant to this litigation. This duty arose no later than the filing of Plaintiff's original Complaint and continues through

the conclusion of this matter.

**3.** Given the documented pattern of interference with Plaintiff's communications and legal filings—including the interception and opening of court documents in transit —Plaintiff has substantial concerns that Defendants may destroy, alter, or conceal evidence if not ordered to preserve it.

**4.** The interception of legal filings documented in Exhibit B demonstrates that Defendants or their agents have access to and are willing to interfere with Plaintiff's confidential communications. This same access could be used to identify and destroy inculpatory evidence.

### SPOLIATION SANCTIONS

**5.** To the extent any Defendant has already destroyed, deleted, or altered evidence relevant to this matter, Plaintiff requests that the Court impose appropriate sanctions, including but not limited to:

**a.** Adverse inference instructions to the jury;

**b.** Preclusion of evidence or defenses related to the destroyed materials;

**c.** Monetary sanctions; and/or

**d.** Such other sanctions as the Court deems appropriate.


RELIEF REQUESTED


WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

**1.** Requiring all Defendants to preserve all evidence described above;

**2.** Requiring Defendants to certify compliance with the preservation order within fourteen (14) days;

**3.** Reserving Plaintiff's right to seek spoliation sanctions upon discovery of any destruction of evidence; and

**4.** Granting such other relief as the Court deems just and proper.


Respectfully submitted,



/s/ Andrew Smigelski



Andrew Smigelski, *Pro Se*

1015 Bryan Road

Sugar Grove, Ohio 43155

Phone: 614-607-1230

Email: Smigelski.andy@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I filed the foregoing Declaration and Motion with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Andrew Smigelski

Andrew Smigelski, *Pro Se*