**UNITED STATES FOREIGN INTELLIGENCE SURVEILLANCE COURT**

Washington, D.C.

---

In the Matter of:

**ANDREW J. SMIGELSKI,**
    *Petitioner,*

Petition for Access, Due Process Review,
and *Franks* Hearing Under Article III

---

Misc. No. _____

**PETITION FOR ACCESS TO FISC PROCEEDINGS,
DUE PROCESS REVIEW, AND *FRANKS* HEARING
CHALLENGING FABRICATED WARRANT APPLICATIONS**

## I. INTRODUCTION

Andrew J. Smigelski ("Petitioner"), proceeding pro se, respectfully submits this Petition for Access to proceedings of the Foreign Intelligence Surveillance Court ("FISC" or "this Court"), requests due process review pursuant to the Court's Article III authority as recognized in *United States v. Muhtorov*, 20 F.4th 558 (10th Cir. 2021), and demands a *Franks* hearing to challenge what Petitioner believes to be materially false statements in any FISA applications concerning him.

This Petition is filed against a backdrop of documented, systemic FBI abuse of this Court's processes. The Department of Justice Inspector General has found that the FBI made **17 "significant errors and omissions"** in FISA applications in a single investigation. An FBI attorney has **pleaded guilty to falsifying evidence** submitted to this Court. This Court itself has found that at least two FISA applications "lacked probable cause." These are not isolated incidents—they represent institutional corruption of the FISA process that this Court has constitutional authority and obligation to address.

## II. THE FBI'S DOCUMENTED PATTERN OF FABRICATING FISA APPLICATIONS

### A. The Clinesmith Guilty Plea: Proof the FBI Lies to This Court

On August 19, 2020, FBI attorney Kevin Clinesmith pleaded guilty to making false statements in connection with FISA applications submitted to this Court. Specifically, Clinesmith **altered a CIA email to state that Carter Page was "not a source" for the CIA, when the actual email confirmed Page WAS a CIA source**. This fabricated evidence was then submitted to this Court as part of a FISA renewal application.

Federal prosecutors stated that Clinesmith's actions "allowed the FBI to conduct surveillance on a U.S. citizen based on a FISA application that the Department of Justice later acknowledged lacked probable cause." The presiding judge of this very Court, Judge James Boasberg, sentenced Clinesmith while acknowledging the gravity of submitting false information to the FISC.

### B. The Inspector General's Findings: Systemic Deception

Inspector General Michael Horowitz's December 2019 report documented **17 "significant errors and omissions"** in the FBI's FISA applications targeting Carter Page. The IG stated it would be "fair" to question whether these failures could be "purely incompetence." The errors included:

- Omitting that Page had been an approved CIA "operational contact" from 2008-2013;
- Omitting that Page provided information to the CIA about his Russian contacts;
- Relying on the unverified Steele dossier without disclosing its political origins;
- Failing to disclose information that undermined Steele's credibility;
- Deliberately altering documentary evidence (the Clinesmith fabrication).

### C. This Court's Own Finding: Applications Lacked Probable Cause

Following the IG report, this Court ruled that **at least two of the four FISA applications against Carter Page were illegal and lacked probable cause**. This Court ordered a review of all FISA filings handled by Clinesmith. A subsequent DOJ audit found problems in *every single one* of 29 FISA applications examined, with Judge Boasberg noting that "none of the 29 cases reviewed had a Woods File that did what it is supposed to do."

**D. The Inescapable Conclusion**

The documented record establishes that the FBI has systematically deceived this Court. This is not speculation—it is proven by a criminal conviction, Inspector General findings, DOJ audits, and this Court's own orders. When the FBI submits a FISA application, there is now documented, judicially-noticed reason to believe that application may contain materially false statements, deliberate omissions, or fabricated evidence. *If the FBI lied to surveil a presidential campaign advisor, what would they do to an ordinary citizen who files FOIA requests about FBI surveillance programs?*

**III. THE *FRANKS V. DELAWARE* STANDARD AND FISA**

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."

The *Franks* standard requires:

> 1. A substantial preliminary showing that the affidavit contained false statements;
>
> 2. That the false statements were made knowingly, intentionally, or with reckless disregard for the truth;
>
> 3. That the false statements were material to the probable cause finding.

If these elements are established, "the search warrant must be voided, and the fruits of the search excluded." *Franks*, 438 U.S. at 155-56. The Tenth Circuit extended *Franks* to include material omissions as well as affirmative misstatements. *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990).

There is no principled reason why *Franks* protections should not apply to FISA warrants. The Fourth Amendment's warrant requirement exists precisely to interpose judicial review between the government and the citizen. When the government subverts that review through lies, the warrant is constitutionally void—whether it is a Title III wiretap or a FISA order. Indeed, the

need for *Franks* protections is *greater* in the FISA context, where proceedings are ex parte and targets have no opportunity to contest the government's allegations before surveillance begins.

## IV. PETITIONER'S PRELIMINARY SHOWING OF FABRICATION

Petitioner has documented the following in pending federal litigation (Case No. 2:25-cv-01013, S.D. Ohio), which provides substantial preliminary grounds to believe any FISA application concerning him contains materially false statements:

> **a) Petitioner is a civil rights activist** serving as Social Media Captain for the Ohio Coalition to End Qualified Immunity—not a foreign agent, terrorist, or national security threat. Any FISA application characterizing him otherwise would be materially false;

> **b) The surveillance began after FOIA requests** targeting FBI surveillance databases in Summer 2025—suggesting the "national security" predicate is pretextual retaliation for First Amendment-protected activity;

> **c) Network interference patterns documented through Wireshark packet captures** show TCP RST injection attacks—a sophisticated technique consistent with government-level capabilities, not ordinary criminal activity;

> **d) Mail tampering involving federal legal filings**, including a December 2025 incident where a DHL package to the Southern District of Texas was held 23 hours post-clearance and marked "REPACKED"—evidence of interference with legal process;

> **e) Patterns suggesting coordinated multi-agency operations** that would be impossible without FISA authorization or similar legal process—yet Petitioner has never been charged with any crime, served with any warrant, or notified of any surveillance.

Given the FBI's documented history of fabricating FISA applications, and Petitioner's documented evidence of sophisticated surveillance following First Amendment-protected activity, there is substantial reason to believe that any FISA application concerning Petitioner contains false statements about his alleged "foreign intelligence" connections or "national security" threat—because no such connections or threats exist.

## V. THIS COURT'S JURISDICTION AND AUTHORITY

The Tenth Circuit in *Muhtorov* held that "when ruling on Section 702 applications, the FISC adjudicates a case or controversy under Article III." 20 F.4th at 606-18. If this Court exercises Article III judicial power, then constitutional protections—including the Fourth Amendment's *Franks* protections—must apply.

FISC Rule 5(a) provides that each Judge "may exercise the authority vested by the Act and such other authority as is consistent with Article III of the Constitution." FISC Rule 13 already requires the government to disclose "misstatement or omission of material fact" and permits the Court to address "how the government proposes to dispose of or treat any information obtained as a result." This rule exists precisely because this Court recognizes its obligation to ensure the integrity of applications submitted to it.

FISC Rule 6(d) permits motions seeking "relief, other than pursuant to an application, certification, or petition permitted under the Act and these Rules." This Petition falls within that authority.

## VI. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

    1. Accept this Petition for filing and assign it a docket number;

    2. Direct the government to confirm or deny whether any FISA application, order, or directive has been sought or issued regarding Petitioner;

    **3. If surveillance has been authorized, conduct a *Franks* hearing** (in camera if necessary) to determine whether the government's applications contained materially false statements or omissions;

    4. Review the government's applications under FISC Rule 13 to determine compliance with the "scrupulously accurate" standard;

    5. Appoint amicus curiae under 50 U.S.C. § 1803(i) to represent Petitioner's interests;

    6. If fabrication is found, void any orders based on false applications and order the destruction or return of any information obtained;

7. In the alternative, issue a written opinion explaining why American citizens have no *Franks* rights before this Court, so that Petitioner may seek Supreme Court review under 50 U.S.C. § 1803(b).

## VII. CONCLUSION

The FBI has a documented, proven, judicially-acknowledged pattern of lying to this Court. An FBI attorney pleaded guilty to fabricating evidence. The Inspector General found 17 significant errors in a single investigation. This Court itself found applications lacking probable cause. A DOJ audit found problems in every single application examined.

Against this backdrop, Petitioner—a civil rights activist whose "crime" appears to be filing FOIA requests about FBI surveillance—has documented sophisticated electronic surveillance consistent with FISA-authorized operations. The only reasonable inference is that if FISA applications exist concerning Petitioner, they contain the same type of false statements and omissions that this Court has already found pervasive in FBI submissions.

*Franks v. Delaware* established that American citizens have a constitutional right to challenge warrants obtained through lies. That right cannot evaporate simply because the government stamps "FISA" on the application. If this Court exercises Article III power, it must provide Article III protections—including the right to challenge fabricated evidence.

Petitioner respectfully requests that this Court vindicate the Fourth Amendment by accepting this Petition and conducting the review that constitutional due process demands.

Respectfully submitted,

_____
Andrew J. Smigelski, Pro Se
1015 Bryan Road
Sugar Grove, Ohio 43155
Email: smigelski.andy@gmail.com
Date: _____

**CERTIFICATE OF SERVICE**

Pursuant to FISC Rule 8(a), I certify that I have served a copy of this Petition on the United States Department of Justice by contacting the Security and Emergency Planning Staff at (202) 514-2094 to obtain service instructions.

_____
Andrew J. Smigelski
Date: _____