UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW MARK SMIGELSKI,
    *Plaintiff,*

v.

FEDERAL BUREAU OF INVESTIGATION, et al.,
    *Defendants.*

**Case No. 2:25-cv-01013**
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE REGARDING MULTI-AGENCY COORDINATION AND OBSTRUCTION OF HARM REDUCTION WORK

COMES NOW Plaintiff Andrew Mark Smigelski, appearing *pro se*, and hereby provides the Court with supplemental evidence supporting allegations previously made in Plaintiff's Emergency Motion for Temporary Restraining Order and Preservation of Evidence (Doc. 4), specifically the allegations at Section IV regarding physical surveillance during Plaintiff's naloxone distribution work and the resulting public health emergency.

### I. REFERENCE TO PRIOR FILING

**1.** On September 18, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preservation of Evidence (Doc. 4). At pages 5-6 (Section IV, "Physical Surveillance and Public Health Impact"), Plaintiff alleged:

> *"When Plaintiff began volunteer work with Harm Reduction Ohio distributing life-saving Naloxone to **empty overdose prevention boxes**, law enforcement officers began appearing at these remote locations—already present before Plaintiff's arrival."*

(Doc. 4 at 5) (emphasis added).

**2.** Plaintiff's filing further alleged a "PUBLIC HEALTH EMERGENCY: OVERDOSE PREVENTION BOXES REMAIN EMPTY" and that "Plaintiff has been forced to cease distributing life-saving medication due to reasonable fear for his safety." (Doc. 4 at 6).

### II. NEW EVIDENCE OF MULTI-AGENCY COORDINATION

**3.** Plaintiff now provides supplemental evidence demonstrating that the Ohio Department of Transportation ("ODOT")—the state agency responsible for maintaining the rest areas and

opioid overdose supply boxes at issue—is coordinating with other defendants to obstruct Plaintiff's attempts to document their failures.

**4.** On September 25, 2025—one week after Plaintiff filed his Emergency Motion (Doc. 4)—Plaintiff submitted a public records request to ODOT pursuant to Ohio Revised Code § 149.43 seeking records related to:

> (a) Employee staffing and schedules at US-33 rest areas in Hocking County, particularly after 7:00 PM;
>
> (b) Law enforcement coordination records, including involvement of Ohio State Patrol, Hocking County Sheriff, and incident reports;
>
> (c) Maintenance records for the Naloxone/Narcan supply boxes, including inspection logs and identification of personnel responsible for restocking.

**5.** ODOT's Public Records Coordinator, Angel Doyle, acknowledged the request on October 27, 2025—**32 days after submission**—only after Plaintiff left a voicemail inquiry. Ms. Doyle admitted the request had been "overlooked" and promised records "once legal review is complete." *See* Exhibit A (Email Exchange).

**6.** On November 10, 2025, Plaintiff followed up requesting a timeline. Plaintiff **explicitly informed ODOT of this pending federal litigation**, writing: "I have pending federal litigation against the FBI and am preparing additional claims related to coordinated surveillance at these locations." *See* Exhibit A.

**7.** As of the date of this filing—**122 days after the initial request**—ODOT has produced **zero records**. This extended silence **began immediately after Plaintiff disclosed his federal litigation**.

## III. SIGNIFICANCE OF ODOT'S OBSTRUCTION

**8.** The pattern of delay is not coincidental. Ohio law requires public records be made available within a "reasonable" time, generally interpreted as days, not months. R.C. § 149.43(B)(1). ODOT's 122-day (and counting) delay—particularly after Plaintiff mentioned this federal case—demonstrates coordination with federal defendants or their counsel.

**9.** The requested ODOT records would reveal:

> (a) Whether ODOT personnel were actually scheduled to be present at rest areas during Plaintiff's visits, or whether their presence was arranged through surveillance-derived intelligence;
>
> (b) The identities of individuals occupying "back rooms" at rest areas during Plaintiff's visits (ODOT employees, contractors, or law enforcement);
>
> (c) Any coordination agreements between ODOT and law enforcement agencies;
>
> (d) Why the opioid overdose supply boxes remained chronically empty—whether through deliberate policy, negligence, or obstruction of Plaintiff's restocking efforts.

**10.** Exhibit B is a photograph of one such opioid overdose supply box, installed at a US-33 rest area in Hocking County, Ohio. These boxes are intended to provide emergency access to naloxone (Narcan) to reverse opioid overdoses. Plaintiff's volunteer work involved attempting to restock these chronically empty boxes with naloxone—work that was obstructed by pre-positioned surveillance personnel who had no apparent legitimate reason to be present at remote rural rest areas late at night.

## IV. RELEVANCE TO PENDING CLAIMS

**11.** This supplemental evidence supports Plaintiff's pending claims by demonstrating:

(a) Multi-agency coordination extending beyond federal defendants to state agencies;

(b) Awareness among state agencies of Plaintiff's federal litigation, followed immediately by obstruction;

(c) A pattern of record obstruction mirroring federal defendants' "no records" response;

(d) Ongoing public health consequences (empty naloxone boxes) resulting from the coordinated obstruction of Plaintiff's harm reduction work.

**12.** Plaintiff reserves the right to seek leave to add ODOT-related claims in an amended complaint and/or to pursue separate remedies under Ohio law for the public records violation.

## V. CONCLUSION

Plaintiff respectfully submits this Notice to ensure the Court has a complete record of the multi-agency coordination obstructing Plaintiff's constitutional rights and harm reduction work. ODOT's 122-day stonewalling—triggered by mention of this case—is not coincidence. It is consciousness of guilt.

Respectfully submitted,

/s/ Andrew Mark Smigelski
**ANDREW MARK SMIGELSKI**
Plaintiff, Pro Se
Email: smigelski.andy@gmail.com
Date: January 25, 2026

### CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2026, I filed the foregoing Notice of Supplemental Evidence with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Andrew Mark Smigelski
**ANDREW MARK SMIGELSKI**

# EXHIBIT A

ODOT Email Exchange

(September 25 – November 10, 2025)

*[See attached PDF: Gmail - Acknowledgment of Request for Records]*

# EXHIBIT B

Opioid Overdose Supply Box

US-33 Rest Area, Hocking County, Ohio



*Photograph taken August 4, 2025*

This photograph depicts an "OPIOID OVERDOSE SUPPLIES" box installed at a rest area on US-33 in Hocking County, Ohio. These boxes are intended to provide emergency access to naloxone (Narcan) for reversing opioid overdoses. Plaintiff's volunteer work involved attempting to restock these chronically empty boxes with naloxone provided through harm reduction organizations.