IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW SMIGELSKI,**

        **Plaintiff,**

    v.                           Case No. 2:25-cv-1013
                                  Judge Edmund A. Sargus
**FEDERAL BUREAU OF**            Magistrate Judge Kimberly A. Jolson
**INVESTIGATION, et al.,**

        **Defendants.**

## ORDER

Shortly after this case began, *pro se* Plaintiff Andrew Smigelski sought electronic filing privileges. (Doc. 5). The Court granted him permission but provided a warning: the discretionary grant of electronic filing privileges could be revoked at any time should Plaintiff not conform filings to the Federal and Local Rules. (Doc. 6).

Since the Undersigned issued a Report and Recommendation screening Plaintiff's Complaint, Plaintiff has filed a motion to expedite consideration of his case, two motions for a temporary restraining order, several "supplemental" filings in support of the TRO motions or his Complaint, a motion for a status conference, several motions for a protective order, four notices, and a motion for sanctions. (Docs. 9, 11, 12, 14, 18, 20, 22. 24, 25, 26, 27, 28). Many of these filings ask for relief already under the Court's consideration or else appear to have little relevance to his Complaint—which is about a FOIA request. For example, Plaintiff's sanctions motion asks the Court to sanction the FBI for allegedly issuing a "National Security Letter" to an online retailer. (Doc. 28). And one of Plaintiff's recent "notices" is not for the Court at all, but rather is a letter addressed to "Madam Attorney General." (Doc. 26). Additionally, Plaintiff has engaged in bizarre naming conventions. For example, the five exhibits attached to his "Second Motion to Expedite Emergency" are labeled as followed: "Exhibit Where is the emergency TRO"; "Exhibit And when

will you"; "Exhibit make"; "Exhibit this"; and "Exhibit stop."  (Doc. 9).  Other filings he called: "Why is everyone so NSL'd all the time"; "Re: DOJ – Mind Your Business"; and "You get an NSL, and you get an NSL, and you get an NSL!"  (Docs. 25, 26, 28).

It has become clear that Plaintiff is either unable or unwilling to follow the Federal or Local Rules.  And even where he has followed those rules, it is apparent Plaintiff sees his ability to electronically file his documents as an opportunity to be "cute," rather than an opportunity to provide the Court with clarity.  In essence, his behavior is a drain on judicial resources and an abuse of the electronic filing privileges he has been granted.  For all these reasons, the Court **REVOKES** Plaintiff's electronic filing privileges.  The Court will, however, permit Plaintiff to continue to receive service via email, if he so desires.

Additionally, Plaintiff is **WARNED** that should his egregious filing behavior continue, the Court will not hesitate to strike his papers or return to him patently frivolous documents.  Plaintiff is **ADVISED** to temper his filing on this case until the Court rules upon the pending motions.

IT IS SO ORDERED.

Date: January 27, 2026   /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE