UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

        Plaintiff,

        v.

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

        Defendants.

        **Case Number 2:25-cv-1013**
        **Judge Edmund A. Sargus, Jr.**
        **Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 3.) After reviewing Plaintiff Andrew Smigelski's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that Plaintiff's Complaint be dismissed. (ECF No. 3, PageID 38.) Plaintiff filed an Objection to the Order and Report and Recommendation. (ECF No. 7.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 7) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 3).

## BACKGROUND

Plaintiff, proceeding *pro se*, brings this lawsuit in connection with a Freedom of Information Act ("FOIA") and Privacy Act request against the Federal Bureau of Investigation ("FBI"); the United States Department of Justice ("DOJ"); Pam Bondi, the Attorney General of the United States at the time this lawsuit was filed; and Kash Patel, the Director of the FBI. (ECF No. 2.) Plaintiff alleges that, on June 11, 2025, he submitted a FOIA and Privacy Act request to the FBI seeking "all records about himself" from several databases. (*Id.* PageID 35.) Five days

later, the FBI responded that it could not locate any responsive records and closed Plaintiff's request. (*Id.*) Plaintiff alleges that the "breadth of the request," the "databases involved," and the five-day response time make "the response patently fraudulent." (*Id.*) He accuses Defendants of not conducting a meaningful search and acting in bad faith to "suppress information." (*Id.*) He brings claims for violations of FOIA and the Privacy Act, as well as conspiracy. (*Id.* PageID 35–36.) As relief, Plaintiff seeks damages and an order that Defendants conduct full records searches, among other things. (*Id.* PageID 36–37.)

Plaintiff moved for leave to proceed *in forma pauperis*. (ECF No. 1.) The Magistrate Judge issued an Order and Report and Recommendation, granting Plaintiff's application to proceed *in forma pauperis* and recommending that the Court dismiss Plaintiff's Complaint. (ECF No. 3.) The Magistrate Judge concluded that Plaintiff's FOIA and Privacy Act claims should be dismissed because Plaintiff did not allege facts to suggest he exhausted his administrative remedies before filing this action, and administrative exhaustion is a threshold requirement. (*Id.* PageID 41–43.) In addition, the Magistrate Judge noted that Defendants Bondi and Patel, as individuals, are improper defendants under FOIA and the Privacy Act. (*Id.* PageID 43.) Finally, the Magistrate Judge recommended dismissal of Plaintiff's conspiracy claim because his allegations lacked the requisite specificity. (*Id.* PageID 43–44.) Plaintiff filed a timely objection to the Order and Report and Recommendation. (ECF No. 7.)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ.

P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims *sua sponte. Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

*Pro se* complaints are to be held to less stringent standards and should be construed liberally. *Garrett v. Belmont Cnty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Still, "a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

## ANALYSIS

Plaintiff raises several objections to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 7.) The Court has conducted a *de novo* review of the objected-to portions of the Order and Report and Recommendation and carefully considered the record. The Court finds no error in the Magistrate Judge's conclusions or reasoning, and Plaintiff's Objection provides no basis to conclude otherwise.

3

**I.      Administrative Exhaustion Requirements**

The Magistrate Judge concluded that Plaintiff's FOIA and Privacy Act claims should be dismissed because Plaintiff did not exhaust his administrative remedies before filing this action. (ECF No. 3, PageID 41–43.) Plaintiff does not dispute that he failed to exhaust his administrative remedies, but instead argues that the exhaustion requirement should be excused because (1) "Defendants' response that 'no records' exist across 14 databases, combined with their immediate retaliatory conduct, makes abundantly clear that any administrative appeal would be futile" and (2) "[r]equiring exhaustion while Defendants continue their retaliatory campaign would sanction ongoing constitutional violations." (ECF No. 7, PageID 76.) Plaintiff does not provide sufficient factual or legal support for these conclusions and, as such, the Court overrules this objection.

As the Magistrate Judge explained, caselaw in this Circuit requires plaintiffs to exhaust their administrative remedies before seeking judicial review of claims under FOIA and the Privacy Act. *See, e.g.*, *Miller v. Fed. Elections Comm'n*, No. 1:12-cv-242, 2013 WL 4243044, at *4 (S.D. Ohio Aug. 15, 2013) (Dlott, C.J.) ("Th[e] [FOIA] statutory scheme requires a plaintiff to exhaust his administrative remedies before proceeding with a FOIA suit in district court."); *DeWitt v. Comm'r of Internal Revenue Serv.*, No. 3:16-cv-00021, 2020 WL 419432, at *6 (S.D. Ohio Jan. 27, 2020) (Ovington, M.J.), *report and recommendation adopted*, 2020 WL 868503 (S.D. Ohio Feb. 21, 2020) (Rose, J.), (explaining that courts have "required individuals who seek access to records under the [Privacy] Act to exhaust administrative remedies consistent with the 'jurisprudential exhaustion' doctrine"). The exhaustion requirement provides an agency with the opportunity to exercise its discretion and expertise on the matter, make a factual record to support its decision, rectify errors, and eliminate unnecessary judicial review. *Percy Squire Co.,*

*LLC v. The Fed. Commc'ns Comm'n*, No. 2:09CV428, 2009 WL 2448011, at *4 (S.D. Ohio Aug. 7, 2009) (Watson, J.) (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)). Here, Plaintiff does not dispute that he failed to exhaust his administrative remedies, so the Court finds no error in the Magistrate Judge's recommendation to dismiss his FOIA and Privacy Act claims.

## II.   Defendants Bondi and Patel as Individuals

The Magistrate Judge recommended dismissal of Plaintiff's FOIA and Privacy Act claims against Defendants Bondi and Patel because, as individuals, they are improper defendants. (ECF No. 3, PageID 43.) Plaintiff acknowledged that "FOIA claims typically proceed against agencies, not individuals," but argues that "this case presents extraordinary circumstances" and Defendants Bondi and Patel "should remain as defendants for purposes of discovery." (ECF No. 7, PageID 79.) By statute, however, FOIA and the Privacy Act apply only to agencies, not individuals. *Harper v. Mastroianni*, No. 16-6211, 2017 WL 3271172, at *2 (6th Cir. Mar. 23, 2017) (interpreting FOIA); *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1983) (interpreting the Privacy Act). As such, Defendants Bondi and Patel are not proper parties, and Plaintiff has failed to state a claim against them under FOIA or the Privacy Act.

## III.   Failure to Plead a Conspiracy Claim

The Magistrate Judge recommended dismissal of Plaintiff's conspiracy claim for failure to allege the elements of the claim with the requisite specificity. (ECF No. 3, PageID 43–44.) Plaintiff argues that his conspiracy claim is supported by the allegedly retaliatory events he experienced since filing this lawsuit, which he describes in filings submitted after the Magistrate Judge issued her Order and Report and Recommendation. (ECF No. 7, PageID 78.) For example, Plaintiff claims that he has experienced mail interference, in that his packages have been misrouted, detained, and tampered with. (*Id.*)

5

New facts are typically not considered by the district court when evaluating objections to a magistrate's report and recommendation. *Chapman v. Franklin Cnty. Comm'rs*, No. 2:24-cv-00029, 2025 WL 1354848, at *6 (S.D. Ohio May 9, 2025) (Marbley, J.) (explaining that the Court need not consider new facts asserted in plaintiff's objection to a report and recommendation). Even considering Plaintiff's new factual allegations, however, the Court reaches the same conclusion as the Magistrate Judge: Plaintiff's conspiracy allegations are conclusory and, as such, insufficient. Conspiracy claims "must be pled with some degree of specificity"—indeed, "pleading requirements governing civil conspiracies are relatively strict." *Heid v. Aderholt*, No. 2:20-cv-0901, 2022 WL 3025431, at *5 (S.D. Ohio Aug. 1, 2022) (Marbley, C.J.) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). The plaintiff must show that (1) a single plan existed, (2) the defendant shared in the general conspiratorial objective to deprive the plaintiff of his constitutional or federal statutory rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury to the plaintiff. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)). Here, Plaintiff has failed to allege facts beyond speculation that a conspiracy existed. Plaintiff's allegations lack the specificity necessary to plead a conspiracy claim: they do not permit the Court to draw a plausible inference that Defendants shared an unlawful objective.

## IV.    Equitable Arguments

Finally, Plaintiff argues that this Court should decline to dismiss this case "on technicalities," and should instead "exercise its equitable powers to stop ongoing retaliation." (ECF No. 7, PageID 79.) But this argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. While *pro se* complaints are to be construed liberally,

"[t]he liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law."

*See, e.g.*, *Whitacre v. Adult Parole Auth.*, No. 2:23-cv-3625, 2024 WL 4750214, at *2 (S.D. Ohio Nov. 12, 2024) (Marbley, J.) (quoting *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010)).

**V.      Plaintiff's Request for Leave to Amend**

At the end of his Objection, Plaintiff asks the Court for "leave to amend." (ECF No. 7, PageID 80.) In full, Plaintiff's request reads:

> Should this Court find any technical deficiencies in the Complaint, Plaintiff respectfully requests leave to amend rather than dismissal. The extraordinary facts that have emerged since filing—particularly the documented retaliation—would cure any pleading deficiencies the Court might identify. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

(ECF No. 7, PageID 80.)

While Federal Rule of Civil Procedure 15 grants a court discretion to permit a plaintiff to file an amended complaint, leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mathis v. Dep't of Pub. Safety, Impound Unit*, No. 2:12-CV-00363, 2013 WL 1324333, at *2 (S.D. Ohio Mar. 28, 2013) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007)). Here, Plaintiff has failed to demonstrate that he could provide a sufficient factual basis for his claims if granted the opportunity to amend. Plaintiff did not attach a proposed amended complaint or include any facts in his Objection or subsequent filings that, if included in an amended complaint, would cure the deficiencies outlined in the Magistrate Judge's Order and Report and Recommendation. Accordingly, granting leave to amend would be futile in this case, so the Court denies Plaintiff's request.

**VI.    Plaintiff's Additional Requests**

The Court denies as moot the following requests that Plaintiff included in his Objection to the Magistrate Judge's Order and Report and Recommendation: his request for an expedited hearing on his TRO Motion (the TRO Motion is denied as moot below), his request for limited discovery, his request for a stay of dismissal pending resolution of his TRO Motion, his request for appointment of counsel, and his request for a transfer of this matter to a different magistrate judge. (ECF No. 7, PageID 80.)

<strong>CONCLUSION</strong>

For the reasons above, the Court **OVERRULES** (ECF No. 7) Plaintiff Andrew Smigelski's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 3) the Magistrate Judge's Order and Report and Recommendation. The Clerk is **DIRECTED** to take down the gavels on ECF Nos. 1, 3, and 7.

The Court **DISMISSES WITH PREJUDICE** Plaintiff Andrew Smigelski's FOIA and Privacy Act claims against Defendants Pam Bondi and Kash Patel and Plaintiff Andrew Smigelski's conspiracy claim against all Defendants. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Andrew Smigelski's FOIA and Privacy Act claims against Defendants Federal Bureau of Investigation and United States Department of Justice.

The Court further **DENIES AS MOOT** (ECF No. 4) Plaintiff Andrew Smigelski's Emergency Motion for Temporary Restraining Order; (ECF No. 9) Plaintiff Andrew Smigelski's Second Motion to Expedite Emergency; (ECF No. 11) Plaintiff Andrew Smigelski's First Motion for Temporary Restraining Order Emergency; (ECF No. 14) Plaintiff Andrew Smigelski's Motion for Temporary Restraining Order Sextortion; (ECF No. 20) Plaintiff Andrew

8

Smigelski's First Motion for Hearing; (ECF No. 22) Plaintiff Andrew Smigelski's Fifth Motion

for Protective Order; and (ECF No. 28) Plaintiff Andrew Smigelski's Motion for Sanctions.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and

mail a copy of this Opinion and Order to Plaintiff Andrew Smigelski at 1015 Bryan Road, Sugar

Grove, Ohio 43155.

**IT IS SO ORDERED.**

**5/1/2026**          **s/Edmund A. Sargus, Jr.**
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**